[No. 778]

## THE STATE OF NEVADA, Respondent, *v.* EPHRAIM PICKETT, Appellant.

ATTEMPT TO COMMIT RAPE—CONSENT OF FEMALE.—An attempt to commit rape does not constitute an assault when the female actually consents to what is done, whether she be within the age of twelve years or not.

IDEM.—An assault is a necessary ingredient of every rape or attempted rape, but it not a necessary ingredient of the crime of carnally knowing a child under the age of twelve years with or without her consent, which under the statute of this state is also called rape.

IDEM —As an assault implies force and resistance, the crime of "carnally knowing a child, etc.," may be committed, or at least attempted, without an assault, if there is actual consent on the part of the female.

IDEM.—There can be no assault upon a consenting female, although there may be what the statute designates a rape.

IDEM.—By virtue of the provisions of the statutes of this state, (Comp. Laws, sections 2464 and 2037) the defendant might have been convicted of an "attempt to commit rape," even if the child consented to all he did, but it was error to instruct the jury that he could under such circumstances be convicted of "assault with intent to commit rape."

APPEAL from the District Court of the Fifth Judicial District, Lander County.

The facts are stated in the opinion.

*T. W. W. Davies*, for Appellant,

*M. S. Bonnifield*, also for Appellant.

*J. R Kittrell, Attorney-General*, for Respondent.

The point upon which the case was decided, was not discussed in the brief filed by the attorney-general.

I. The verdict and judgment are against law, because the testimony shows that the girl *consented* to what was done, if anything by the defendant. To bring the case within the statute, there must have been not only an *intent* to commit a rape, but that intent must have been manifested by an *assault* upon the person intended to be ravished. The statute requires both ingredients, and we can dispense with neither. An *assault* implies force upon one side, and repulsion, or want of assault, upon the other.     *     *     *
"An *assault* upon a *consenting* female, old or young, is a contradiction in terms, a legal impossibility." Although the child is incapable of giving a legal consent, yet if she give an *actual* consent there can be no *assault*. (*Smith* v. *The State*, 12 Ohio, 466; *O'Meara* v. *State*, 17 Ohio, 519; *Reg* v. *Read et al.*, 2 Carr. & Kind. 386; *Reg* v. *Read et al.*, 1 Den. Cr. Cas. 377, also note on p. 379; *Reg* v. *Martin*, 9 C. & P. 213; *Reg* v. *Meredith*, 8 C. & P. 589; 2 Bish. Cr. Law, sec. 930, and cases cited.

By the Court, BEATTY, J.:

One of the assignments of error in this case is, in our opinion, well founded. The defendant was indicted for rape, and convicted of an assault with intent to commit rape. His motion for a new trial was overruled, and he was sentenced to fourteen years' imprisonment. The evidence adduced at the trial showed that the object of the supposed assault was a female under the age of twelve years, and in submitting the case to the jury, the court among other things charged them as follows: "If the female is under the age of twelve years, she is deemed in-

capable of consenting to any carnal intercourse, and the legal presumption that any such carnal knowledge is forcible and against her will is conclusive. If the jury believe from the evidence that the defendant is over fourteen years of age, and that the girl known as Caroline Davis is under the age of twelve years, and at the time and place charged in the indictment, the defendant did have carnal knowledge of her by penetrating her body, he is guilty of rape. * * But if the jury believe that the defendant attempted to commit a rape and failed to effect a penetration, as above described, they should find a verdict of guilty of an assault with the intent to commit rape." To the giving of this charge the defendant excepted; and he argues that it was erroneous, for this reason: that the jury was thereby instructed that upon proof of an unsuccessful attempt to have carnal knowledge of the girl, he might be convicted of an assault to commit rape, although everything he did was with her actual consent—the law being, as he contends, that an attempt to commit rape can never constitute an assault when the female actually consents to what is done, whether she be within the age of twelve years or not.

When the proposition was stated on the oral argument of the case, I was strongly inclined to consider it untenable, and to hold that the charge of the district judge was correct; but after examining the cases relating to the subject, I am convinced that the weight of reason and authority is on the side of the appellant.

The common law definition of rape is "the carnal knowledge of a woman forcibly and against her will." (4 Blacks. Com., 210.) The same definition is adopted by our statute. (Comp. Laws, sec. 2350.) Under this definition, an assault is a necessary ingredient of every rape, or attempted rape. But it is not a necessary ingredient of the crime of carnally knowing a child under the age of twelve years, with or without her consent, which is defined in the latter part of the section, and which is called "rape." It is obvious that here are two crimes differing essentially in their nature, though called by the same name. To one force and resistance are essential ingredients, while to the other they are

not essential; they may be present or absent without affecting the criminality of the fact of carnal knowledge. As an assault implies force and resistance, the crime last defined may be committed, or at least attempted, without an assault, if there is actual consent on the part of the female.

This is well settled in England, where, under the provisions of several statutes, the carnal knowledge of a female under ten years of age, with or without her consent, is made a "felony." The statutory crime is not there denominated "rape," and the English judges have escaped the confusion of ideas which in this country has no doubt arisen from the fact that two essentially different crimes have been called by the same name, leading our courts, in some instances, to attribute to the statutory rape all the qualities of common law rape. Thus in the case of *Hays* v. *The People* (1 Hill, 352), where the precise question here involved was under discussion, Judge Cowen, delivering the opinion of the court, said: "The assent of such an infant being void as to the principal crime, it is equally so in respect to the incipient advances of the offender. That the infant assented to or even aided in the prisoner's attempt, cannot, therefore, as in the case of an adult, be alleged in his favor any more than if he had consummated his purpose." And this construction was afterwards adopted by the Supreme Court of Michigan in the case of *The People* v. *McDonald* (9 Mich. 150). The New York case was decided in 1841, and no reference was made to several cases then recently decided in England, by which a different construction had been given to a statute substantially the same as that of New York. The court was probably not aware of those decisions. The Michigan case was decided twenty years later, but the court took no notice of the English decisions, though they were referred to on the argument. There may be other cases which sustain the same view, but if so, they have escaped our attention. On the other hand, there is a still later case decided by the Supreme Court of Ohio (*Smith* v. *The State*, 12 Ohio, 466), in which an opposite conclusion is reached after a full discussion of the question and elaborate review of the authorities. The rea-

soning of this decision appears to us entirely satisfactory, and it is sustained by the authority of some of the most eminent of the recent English judges. (See *Reg.* v. *Martin*, 9 C. & P. 213; *Reg.* v. *Meredith*, and *Reg.* v. *Banks*, 8 C. & P. 589, 575; *Reg.* v. *Read*, 2 Car. & Kirw. 937, and 1 Dennison's Crown Cases, 377, and note to page 379.)

We are not, however, forced to the conclusion reluctantly accepted by the Ohio court, that our law provides no punishment for an attempt to have carnal knowledge of a consenting child within the age of twelve years. Our statute, so far from abolishing the common law rule, that an attempt to commit a felony is a misdemeanor, has enlarged that rule and made specific provision for the punishment of attempts to commit offenses of every grade. (C. L., sec. 2464.) By virtue of the provisions of sections 2464 and 2037, this defendant might have been convicted of an "attempt to commit rape," even if the child consented to all he did; but it was error to instruct the jury that he could be convicted of "assault with intent," etc., in that case. There can be no assault upon a consenting female, although there may be what the statute designates a rape. It is quite possible, if this distinction had been drawn in the instructions to the jury, that the defendant would only have been convicted of the attempt, for which the extreme punishment is ten years' imprisonment. (C. L., sec. 2464.) Whereas, the "assault with intent," etc., of which he was convicted, may be punished by fourteen years' imprisonment, and the defendant actually received that sentence. (C. L., sec. 2353.)

The judgment is reversed and cause remanded for a new trial.