# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

## STATE OF NEVADA.

## OCTOBER TERM, 1876.

[No. 786.]

## THE STATE OF NEVADA, RESPONDENT, v. JAMES JOHNSON, APPELLANT.

PLEA OF FORMER ACQUITTAL—WHEN SHOULD BE ALLOWED.—Where the defendant interposed a plea of former acquittal in the exact form prescribed by the statute (Comp. L. 1931): *Held*, that the court erred in refusing to allow the plea to be entered of record.

IDEM.—It was not for the court to decide in advance that the plea of former acquittal could not be established. That issue was for the jury, subject, of course, to the right of the court to decide upon the competency and relevancy of the evidence offered in support of the plea.

PLEA OF FORMER JEOPARDY.—*Held*, that although the plea of former jeopardy might have been superfluous, as the facts set out in it might possibly have been given in evidence under the general issue, or if not, then under the plea of former acquittal, it would have been better, if the facts disclosed by it amounted to a defense, to allow it to be entered.

APPEAL from the District Court of the Ninth Judicial District, Elko County.

The facts are stated in the opinion.

*W. C. Van Fleet*, for Appellant.

I. The court erred in excluding defendant's pleas from the record, and depriving him of the right of being tried thereunder, as shown by the bill of exceptions. The court had no authority to refuse to let defendant's pleas be en-

tered of record. The provision of the statute is clear and unequivocal upon the subject. It is mandatory, and leaves the judge no discretion in the matter. (Sec. 1920, Comp. Laws.)

II. If defendant's pleas were bad or insufficient in law for any reason, although our statute makes no express provision for such a contingency, the rule at common law was for the state to demur. (Hab. Pl. chap. 33; Archbold's Crim. Pl. chap. 3; Starkies' Crim. Pl. chap. 19.) But here, there was no demurrer; no action whatever on the part of the prosecution to raise any question as to the sufficiency in law or fact of defendant's pleas. The pleas were good and expressly allowed by law, two of them being in the express language of the statute (vol. 1, ch. 1921), and as to plea of former jeopardy, vol. 1, Bish. Cr. Pr. chap. 56, sec. 818, *et seq.*, and defendant had an absolute right of which he could not lawfully be deprived, to have his pleas tried by a jury, and without such a trial and a verdict upon each plea there could be no valid conviction. (*People* v. *Kinsey et al.*, Cal. Sup. Ct., Jan. Term, 1876.)

*J. R. Kittrell, Attorney-General,* for Respondent.

I. Appellant relies on a pretended plea of *autre fois acquit.* Before he can avail himself of such a plea, it must appear that such was interposed at the proper time, and that it was in the form prescribed by statute. (Vol. 1, C. L. sec. 1921.) Every plea must be oral. (47 Cal. 122; 1 vol. C. L. sec. 1920.)

II. The record does not show that such plea to the indictment on which appellant was tried was ever interposed. The record in this case contains no copy of the indictment alleged to have been found against defendant by the grand jury of Elko county, on the twenty-second day of October, 1875; hence there is no evidence contained in the so-called bill of exceptions to warrant the court in considering the question of the validity or invalidity of said indictment. Before it can be successfully maintained that defendant has been once in legal jeopardy, three things must be made to appear: First. That the indictment upon which he was to

be tried was a valid one; second, that the jury to try the case was duly impaneled, sworn and charged with the case; and, third, that they were discharged by the court without a legal necessity.    None of these essentials is shown either in the minutes of the court or by the pretended bill of exceptions.    The facts ought to be shown by the record, *i. e.*, the indictment should be set out *in extenso*, and the minutes of the court should show that the jury was impaneled, sworn and charged with the case; they have no place in a bill of exceptions either by way of recital or otherwise.    There would be just as much propriety in reciting them in the judgment.    (*People* v. *Phillips*, 45 Cal. 44.)

III.    Inasmuch as the indictment referred to in the pretended bill of exceptions is not before the court, it is to be presumed that the action of the court in setting it aside was regular.    Error cannot be presumed, but must be affirmatively shown.    (*People* v. *Best*, 39 Cal. 690; *People* v. *King*, 27 Id. 507; *People* v. *Winters*, 29 Id. 659.)

IV.    All omissions and uncertainties in a bill of exceptions are to be construed against the party presenting it. (*People* v. *Williams*, 45 Cal. 25.)

By the Court, BEATTY, J.:

In this case the defendant appeals from a conviction of grand larceny.    At the time of his arraignment he offered, together with a plea of not guilty, two special pleas.    The first of these was what may be called a plea of former jeopardy.    It sets out with great fullness and particularity, that the defendant had been formerly indicted for the same offense; that to that indictment he had pleaded not guilty; that a jury had been duly impaneled, sworn and charged with the case, and thereafter discharged before finding a verdict without his consent and without any legal necessity. This plea comes fully up to any precedent of such a plea that we have found, except that it merely refers to the former indictment as of record in that court instead of reciting its terms.

The other special plea was a plea of former acquittal in

the exact form prescribed by the statute. (C. L., sec. 1921.)

The court refused to allow these pleas to be entered of record, and, when the defendant declined to plead further, ordered a plea of not guilty to be entered, upon which he was tried and convicted.

The error assigned by the defendant is the rejection of his special pleas. We think it was error. The plea of former acquittal was certainly well pleaded, and should have been entered. (C. L., sec. 1920.) It was not for the court to decide in advance that it could not be established. That issue was for the jury (C. L., secs. 1936–37), subject of course to the right of the court to decide upon the competency and relevancy of the evidence offered in support of the plea. It may be true that the defendant never had been acquitted of the offense for which he was indicted, but neither the district court nor this court can say so. He had a right to offer the plea along with his plea of not guilty (C. L., sec. 1919), and to have the issue submitted to a jury, if he could adduce any evidence tending to support it. Whether he could have adduced such evidence, we repeat, could not be decided in advance of the offer to do so, and he could not offer the evidence without having entered the plea. For this error the judgment must be reversed.

As to the other special plea of former jeopardy, it was perhaps unnecessary to offer it as the facts set out in it might possibly have been given in evidence under the general issue (C. L., sec. 1925); or if not, then under the plea of former acquittal. We think, however, that although this plea may have been superfluous, if the facts disclosed by it amounted to a defense, it would have been better to allow it to be entered. It was the safer practice to offer it. Its reception could have done no possible harm, and would have given the state the advantage of knowing what was the defense relied on.

We do not decide whether or not the facts alleged in the plea of former jeopardy would constitute a good defense to the present indictment. The question will be involved in

the future proceedings in the case, but it is of too much consequence to be decided without argument, and it has not been argued here.

Judgment reversed and cause remanded for further proceedings.