[Crim. No. 898.   Department One.—August 9, 1902.]

## THE PEOPLE, Respondent, v. SAMUEL McDANIELS, Appellant.

CRIMINAL LAW—ASSAULT WITH INTENT TO COMMIT MURDER—FORMER CONVICTION OF BATTERY—PLEA IN BAR.—Upon a charge of assault with intent to commit murder, the defendant is entitled to prove a former conviction of battery and punishment therefor, growing out of the same identical facts charged in the information, and prosecuted by the same prosecuting witness; and where there is no showing of fraud, connivance, or collusion, in such former conviction, it is a good plea in bar, and operates as an acquittal of the higher offense charged.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion.

Lewis H. Smith, and James A. Burns, for Appellant.

Tirey L. Ford, Attorney-General, A. A. Moore, Jr., Deputy Attorney-General, and O. L. Evarts, District Attorney, for Respondent.

HAYNES, C.—Appellant was tried upon an information for assault with a deadly weapon with intent to commit the crime of murder, and was found guilty and sentenced to fourteen years' imprisonment in state's prison, and appeals from the judgment and from an order denying his motion for a new trial.

The offense charged in the information is alleged to have been committed on the first day of February, 1901, and the complaint upon which the preliminary examination was had

was filed with the committing magistrate on February 12, 1901. The defendant was arraigned on March 26th, and on the 28th pleaded not guilty, and also pleaded a former conviction of the offense charged.

In support of his plea of former conviction the defendant offered in evidence the records of a justice of the peace showing, in substance, that on February 10, 1901, Bessie McDaniels (the person upon whom the information in this action charged the assault with intent to murder to have been committed) filed her complaint with said justice, charging the defendant with having committed a battery upon her on said first day of February, 1901; that a warrant was issued thereon, under which he was-arrested on the 11th; that he pleaded guilty to the charge of battery, and on the 12th he was sentenced by said justice of the peace to imprisonment in the county jail of Fresno County for the term of one hundred and seventy-five days, and also offered in evidence the commitment issued by the justice upon said judgment; to all of which the district attorney objected upon the ground that it was incompetent, irrelevant, and immaterial. The objection was sustained and the defendant excepted. The defendant then called Mrs. Bessie McDaniels, upon whom the assault charged in the information was alleged to have been committed, and asked whether she was a witness in the justice's court in the battery case prosecuted by her against the defendant. The prosecution's objection was sustained; and the defendant then offered to prove by said witness and by one John Griffin, the only witnesses who testified before the justice in the battery case, that they testified on that trial to the same facts to which they had testified in this case; that the prosecution then announced that they objected to any testimony in regard to the battery case, the objection was sustained, and defendant excepted.

The testimony of said witnesses, who had been called and examined in chief by the prosecution in this case, covered all that appears to have occurred between the defendant and the prosecutrix on said first day of February, and, indeed, other matters occurring both before and after that date.

The court erred in these rulings. Respondent contends that ''the offense of battery consists in the use of force or violence upon the person of another, and is a greater offense than

assault, and, being greater, includes the less; but the less—that is, assault—does not include the greater. Battery includes assault, but assault does not include battery."

As said by the learned counsel, battery includes and implies an assault, for there can be no battery without an assault. What the defendant did, therefore, may have constituted a simple assault, or assault and battery, or assault with intent to murder; and the last-named offense may be committed either with or without a battery; but the evidence on the part of the prosecution, given upon this trial, showed an aggravated battery which may or may not have been committed with intent to murder. The prosecution before the justice of the peace was for the same acts of the defendant, but the complaint and judgment omitted the alleged intent to murder charged in the information. The identity of the acts of the defendant in the two cases is not questioned, and the defendant has therefore been convicted of the assault, which is an essential fact to be proven under the information, the intent to murder not being a crime in the absence of some physical act constituting an assault. It is well settled that a conviction of a lower offense embraced in a higher one, for the commission of which a defendant was tried, is an acquittal of the higher offense, and an independent trial and conviction of the lower offense, when pleaded, must, upon the same principle, be a bar to the prosecution for the higher offense which included it. *People* v. *Defoor*, 100 Cal. 150, cited by appellant, is in point, and, we think, conclusive. It is not necessary here to cite or quote from the numerous cases there cited.

In *Regina* v. *Elrington* (9 Cox C. C. 86, 90,) Cockburn, C. J., said: "It is a fundamental rule of law that out of the same facts a series of charges shall not be preferred"; and upon the argument in that case he interrupted counsel for the prosecution, and said: "The case of *Regina* v. *Stanton* (5 Cox C. C. 324) is a strong authority against you. There it was held that a conviction for an assault under the statute, followed by payment of the fine or endurance of the imprisonment, may be pleaded in bar of an indictment for felony in respect of the same assault charging an assault and wounding with intent to murder."

Upon this subject it is said in Bishop's New Criminal Law

(vol. 1, sec. 1057) : "When he has been put in jeopardy for the lowest, then, for example, is prosecuted for the highest, our constitutional guaranty stands in the way of his being convicted a second time for the lowest, for a jeopardy of the highest is equally a jeopardy of the lowest. And since the government confessedly cannot begin with the highest, and then go down step by step bringing the man into jeopardy for every dereliction included therein, neither can it begin with the lowest and ascend to the highest with precisely the same result."

The respondent cites *People* v. *Helbing,* 61 Cal. 620. There the defendant was charged by the information with the offense of assault with a deadly weapon with intent to commit bodily injury, and was found guilty of battery. Upon the appeal the judgment was reversed, and a new trial ordered. Defendant then pleaded a former acquittal, and twice in jeopardy for the same offense. He was found guilty as charged in the information, and again appealed. It was then held that battery was not included in the offense charged; that upon trial for an assault with a deadly weapon with intent to commit bodily injury "a defendant could not equally be convicted of battery, and" (such conviction) "constitutes no bar to a second trial upon the same information." The reason for this conclusion is, that battery is not *necessarily* included in a charge of an assault with intent to commit bodily injury, and not having been charged in the information, there could be no conviction for battery or the assault which is necessarily included in it. But here the prosecution for battery was an independent one, prosecuted in another tribunal, and was in every respect, so far as appears, regular, authorized, and valid, and therefore operated as a conviction of the assault, which did not follow the conviction for a battery in a case where such conviction was unauthorized.

In *People* v. *Stephens,* 79 Cal. 428, the first prosecution was for a libel contained in an article published by the defendant in a newspaper, and that case was a prosecution for a libel contained in the same article published in the same issue of the same paper, and it was held: "The state cannot split up one crime and prosecute it in several parts; nor can a defendant be convicted and punished for two distinct crimes growing out of the same identical act." (See, also, numerous

cases there cited; also, *People* v. *Willard,* 92 Cal. 482, and *People* v. *Ny Sam Chung,* 94 Cal. 304.[1])

*People* v. *Bentley,* 77 Cal. 7,[2] appears, from the meager statement of facts given in the opinion, to be inconsistent with all the other decisions of this court above noticed, and has not been cited in any of them.

In *State* v. *Chinault,* 55 Kan. 326, the defendant was charged by information in the district court of Wyandotte County for an assault with intent to kill, was put upon his trial, but the jury were discharged, for sufficient cause, and the case went over. Afterwards he was prosecuted in the court of common pleas on a charge of assault with intent to rob, the two transactions being identical, the only difference in the two informations being that a different criminal purpose is charged. It was held that only one prosecution can be maintained for the same assault, whatever the purpose of the defendant may have been.

*Moore* v. *State,* 71 Ala. 307, is directly in point. It was held: "A single crime cannot be split up or subdivided into two or more indictable offenses"; that "to an indictment for assault with intent to murder, a plea of a former conviction of an assault and battery with a stick, in the county court, based on the same criminal act, is good, although the offense charged in the indictment is a felony, and the offense for which there was a former conviction is merely a misdemeanor." (*Syllabus.*) In the opinion it is said: "A conclusive reason for the soundness of this view, to our mind, is, that if a defendant has been tried for the *smaller* offense—whether convicted or acquitted, it is immaterial—and he is afterwards put on trial for the *larger,* he is twice in jeopardy for the smaller offense."

In *Jackson* v. *State,* 14 Ind. 327, 328, it was said: "The state cannot split up one crime and prosecute it in parts. A prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime."

In *People* v. *Hunckeler,* 48 Cal. 331, the defendant was indicted for manslaughter, and upon the trial the court, without the consent of the defendant, discharged the jury, because in its opinion the defendant was shown to be guilty of murder, and being afterwards indicted for murder, his plea of twice

---

[1] 28 Am. St. Rep. 129.      [2] 11 Am. St. Rep. 225, and note.

in jeopardy was sustained by this court, which held he was entitled to an acquittal.

In England, prior to Lord Denman's Act (Stats. 1 Vict., ch. 85, sec. 11, enacted in 1837), one indicted for a felony could not be convicted and sentenced for a misdemeanor. The reason for that rule was, that persons indicted for a misdemeanor had certain advantages or privileges, among others, that of making full defense by counsel, which those charged with a felony did not then have. But Lord Denman's Act provided that on the trial of any person for any felony whatever, where the crime charged shall include an assault against the person, there might be an acquittal of the felony and a conviction of the assault. The vital principle of that act is embodied in section 1159 of our Penal Code. There are many cases, however, in this country that have followed, in their results at least, the old common law, and permit different crimes included in the same act or transaction to be separately prosecuted and punished. All offenses, such as battery, mayhem, rape, robbery, etc., as well as assaults with intent, necessarily include an assault, and it is now generally conceded that a conviction of the higher offense is necessarily a conviction of the assault included in it, and it would seem to follow logically, as well as by construction, that a conviction or acquittal of any of the included offenses must bar a prosecution of the higher, since the higher cannot afterwards be prosecuted without opening the door for a second conviction, or a conviction of an offense for which the defendant had before been tried and acquitted. It is well settled that a conviction of a lower included offense is an acquittal of all higher offenses included in the indictment or information, and where such conviction for a lower offense is set aside and a new trial granted, even upon the motion of defendant, or upon appeal, he cannot be convicted of any higher offense than that of which he was first found guilty. If an acquittal can have such effect, much more strongly it should be held that a prior conviction of any included offense should bar a subsequent prosecution for a higher offense included in the same transaction.

Bishop, in his New Criminal Law (sec. 1058) says that "by the general and better doctrine a conviction or acquittal of a common assault will bar proceedings for an assault with

intent to do great bodily harm, and other assaults aggravated in like manner. It has been supposed that if the tribunal trying the less offense has no jurisdiction over the higher, the case will be different; yet there does not seem to be any just foundation for this distinction. The fact that one has been in jeopardy for a lower offense is true equally whether the court had authority to try the higher or not."

All criminal prosecutions are by the state, which is a single entity. It may choose its forum, and determine for what particular offense it will prosecute the citizen for a violation of the criminal law. It cannot complain if it has made an unwise selection, but having made its selection and inflicted the penalty it has imposed for such violation, the constitution interposes for the protection of the accused and declares that he shall not be twice put in jeopardy for the same offense, and this provision being for the benefit and protection of the accused is to be liberally construed. "This rule of interpretation is in many of the cases not thought of by the courts, and other obvious principles are overlooked, so that our books contain numerous decisions wherein this constitutional right has been denied to the prisoner." (Bishop's New Criminal Law, sec. 1070.)

That there are numerous decisions in other jurisdictions inconsistent and even contradictory to this, and prior decisions of this court, hereinbefore cited, may be admitted. A recent example is that of *State* v. *Caddy*, (S. Dak.) 87 N. W. Rep. 927, where it was held that "an acquittal on trial under Compiled Laws, section 6491, charging an assault on a certain person with a deadly weapon with intent to rob, is not a bar to a conviction under section 6481 on an indictment charging robbery in taking money from such person against his will by force." The transaction was the same. In that state, as here, they have a statute permitting a conviction of any lesser offense necessarily included in that charged in the indictment. Many cases were cited in the opinion, the first of which is *Morey* v. *Commonwealth*, 108 Mass. 433. In that case the record showed that the first indictment charged that the defendant and Bridget Kennedy during a time specified "did lewdly and lasciviously associate and cohabit together, not being married to each other." The second indictment charged that the defendant, being a married man and having a lawful wife,

committed adultery with the same woman at specified dates included in the first indictment. The court held that "a conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other." Here there were two offenses, not "necessarily included" in each other. Under the first indictment the defendant could not have been convicted of adultery charged in the second, though in his illicit cohabitation he committed adultery, and he might have committed adultery without having been guilty of illicit cohabitation. The court, however, further said : "An acquittal or conviction upon an indictment for murder is a bar to a subsequent conviction upon an indictment for manslaughter or assault by the same act by which the murder was charged in the first indictment to have been committed, because such a conviction might have been had upon the first indictment. And so, *e converso,* an acquittal or conviction of the manslaughter is a bar to a subsequent indictment for the murder."

So the Dakota case cites *Commonwealth* v. *Roby,* 12 Pick. 496, where it was held that a conviction of an assault with intent to murder was no bar to an indictment for murder; but in *Morey* v. *Commonwealth,* 108 Mass. 433, the court remarked that the Roby case was decided "before our statutes permitted a conviction of such an assault upon an indictment for murder."

So it may be concluded that in England, since Lord Denman's Act, and in this country wherever a statute permits a conviction of any lower offense necessarily included in a higher one with which the defendant is charged, a conviction or acquittal of such higher offense is a bar to a subsequent prosecution for any lower offense necessarily included in it, and; *e converso,* a conviction for any lower offense necessarily included in the higher, is a bar to a subsequent prosecution for such higher offense, and this conclusion is fully sustained by the prior decisions of this court hereinbefore cited.

Of course, if the former conviction was procured by the fraud, connivance, or collusion of the defendant, this fact vitiates it, and it is no bar to a subsequent prosecution. (*State* v. *Little,* 1 N. H. 257; *State* v. *Lowry,* 1 Swan, 34; *State*

v. *Reed,* 26 Conn. 202; 1 Bishop's Criminal Law, secs. 1008, 1010.) But here there is no pretense that the prosecution before the justice was fraudulent. The constitutional provision here involved was made for the protection of the citizen, and should be liberally construed in his favor. In *State* v. *Cooper,* 13 N. J. L. 361,[1] it was said: "Where the state has thought proper to prosecute the offense in its mildest form, it is better that the residue of the offense go unpunished than by sustaining a second indictment to sanction a practice which might be rendered an instrument of oppression to the citizen."

In the case at bar all the facts were presented to the justice and considered in fixing the penalty imposed. In the superior court the evidence heard and considered by the justice was excluded, as well as evidence of the punishment imposed. The superior court therefore had no knowledge of the prior proceedings and the penalty imposed, and must have, to the extent of the punishment imposed by the justice, imposed a second, or double, punishment.

Our conclusion is, that the court below erred in rejecting the evidence of the former conviction, and that the judgment and order appealed from should be reversed and the cause remanded.

Chipman, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the cause remanded.

Garoutte, J., Van Dyke, J., Harrison, J.

---

[1] 25 Am. Dec. 490.