Needham v. State.

---

E. R. NEEDHAM V. STATE OF NEBRASKA.

FILED JANUARY 13, 1922. No. 22019.

Evidence examined, and *held* insufficient to establish judgment of guilt.

ERROR to the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Reversed.*

*Fradenburg & Matthews,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Charles S. Reed, contra.*

Heard before MORRISSEY, C. J., ROSE and ALDRICH, JJ., HOBART and PAINE, District Judges.

ALDRICH, J.

This is an appeal by E. R. Needham, of Omaha, from a judgment of the district court for Douglas county,

wherein he was convicted of driving an automobile in a dangerous manner while intoxicated, contrary to the ordinances of the city of Omaha. He was sentenced to imprisonment in the county jail for a term of 15 days.

The evidence of the state consists of the testimony of Officer Revers, who made the arrest, the testimony of Sergeant Wheeler, who was acting captain at the police station, and that of Dr. Shook, the police surgeon who examined defendant several hours after the arrest. Officer Revers took the defendant in charge for an infraction of the traffic rules in failing to obey a signal given by him at a street intersection. Revers said that the defendant did not drive the car in a straight line on the way to the station. This, he testified, was the only indication he observed that defendant was drunk. Sergeant Wheeler was acting captain when the defendant was brought to the station. From his testimony we understand that defendant was first booked under the charge of reckless driving. A $50 bond was given and defendant was permitted to drive away in his car. About two hours later, according to Wheeler's testimony, the defendant came back to the police station in an angry mood and exhibited signs of intoxication. At that time Dr. Shook was called to examine the defendant. His testimony is to the effect that defendant had been drinking, but not enough to interfere with his driving an automobile. Sergeant Wheeler then added the charge of drunkenness to the charge of reckless driving. The bond was increased to $500.

Opposed to this evidence of the state is defendant's testimony in which he denies drinking any intoxicating liquor that day. Mr. Brenner testified that he saw defendant in the morning and again about 4 o'clock in the afternoon, and that he was perfectly sober at that time. This was just a few minutes before the arrest by Officer Revers. Mr. Brenner also testified that he drove home from the police station with defendant, but did not see him exhibit any evidence of intoxication. This was after

defendant had been to the station the second time.

In our opinion the state has failed to prove a case against the defendant. In this connection it is noticeable that the police officers allowed defendant to go at large and handle his own automobile. It is significant that Dr. Shook was at the station when defendant was brought in by Officer Revers. Sergeant Wheeler testified that it was the custom to call the police surgeon when an arrested man was suspected of intoxication. Why was Dr. Shook not called to examine defendant when he was at the police station the first time? The casuist may analyze and dissect to his heart's content; he cannot show this man was under the improper influence of liquor. In opposition to the state's evidence, the defendant positively swears he had not touched a drop that day, and he is corroborated by certain circumstances. In addition, we have the evidence of the witness Brenner, who testified that he saw defendant in the forenoon and that defendant took Mrs. Brenner down town at about 4 o'clock; that he was duly sober and straightforward, and was amply able to drive his car. In this he is corroborated by the state's witness, Dr. Shook, who said defendant was capable of driving a car.

It is plain, then, that, taking all of the circumstances into consideration, the state has failed to make a case. The evidence is not clear and satisfactory. ·For these reasons, we are therefore led to reverse this case.

REVERSED.