[Crim. No. 1485. First Appellate District, Division One.—October 27, 1928.]

THE PEOPLE, Respondent, v. JAMES F. McGRATH, Appellant.

W. S. Robenson for Appellant.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was convicted in the superior court of a misdemeanor and has appealed from the judgment of conviction, urging as ground for reversal that he was found guilty of an offense with which he was not charged and upon which he was not tried.

The charge set forth in the information was that he drove an automobile over and along the public highway "while then and there under the influence of intoxicating liquor." He entered a plea of not guilty thereto and was subsequently placed on trial before a jury. After deliberating upon its verdict for some time the jury returned into court for further instructions, and one of the questions propounded to the court by the foreman was whether it was

permissible for the jury "to bring in a verdict of reckless driving." The court referred the question to the attorneys, but they were unable to agree upon the proposition, the district attorney contending that such a verdict could be legally rendered, and counsel for appellant insisting to the contrary. After considerable discussion the court of its own motion instructed the jury as follows: " . . . that the crime of reckless driving is included in the information in this case and that when a charge embraces two or more degrees of crime and there is reasonable doubt in the minds of the jurors as to which degree he is guilty, it is the duty of the jury to convict the defendant of the lesser of the two degrees." Whereupon counsel for appellant requested the court to instruct the jury also "that if they convict of the lesser they must acquit of the higher crime," and that there be submitted to the jury two separate forms of verdict based upon the following questions, first, "Was the defendant at the time of the happening of the offense—of the accident charged—driving and operating a motor vehicle upon a public highway within this state under the influence of intoxicating liquor?" and, secondly, "Was the defendant driving and operating a motor vehicle upon a public highway in this state in a reckless manner so as to endanger the life and limb and the safety of a person or property?" The court granted the requests and thereafter the jury agreed upon and returned two verdicts, the first finding appellant "not guilty of driving an automobile . . . while under the influence of intoxicating liquor," and the second finding him "guilty of the crime of driving an automobile upon a public highway without precaution and in such a manner as to endanger the life and property of other persons."

▮ Section 1159 of the Penal Code provides that the "jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged, or of an attempt to commit the offense"; and this section has been construed to mean that "to be 'necessarily included' in the offense charged, the lesser offense must not only be part of the greater in fact, but it must be embraced within the legal definition of the greater as a part thereof." (*People* v. *Kerrick,* 144 Cal. 46 [77 Pac. 711].) Therefore, the question presented for

determination is whether the crime of reckless driving is necessarily included within the crime of driving while under the influence of intoxicating liquor and is embraced within the legal definition of the latter.

The California Vehicle Act contains a number of penal provisions, but only two of them are pertinent here. Section 112, which is evidently the section upon which the charge set forth in the information is grounded, reads as follows: ''It shall be unlawful for any person . . . who is under the influence of intoxicating liquor . . . to drive a vehicle on any public highway within this state''; the penalty fixed for violation thereof being imprisonment in the county jail or in the state prison, at the discretion of the jury, or a fine. (Stats. 1927, p. 1436.) And section 121, which is the section upon which the verdict and the judgment of conviction are based, provides: ''Any person who knowingly and wilfully drives any vehicle upon a public highway either without due caution and circumspection or in such manner as to endanger the life, limb, or property of any person, shall be guilty of reckless driving and upon conviction shall be punished by imprisonment in the county jail . . . or by a fine . . . or by both such fine and imprisonment.'' (Stats. 1923, p. 557.) The Penal Code also contains a section providing that any person operating or driving a motor vehicle who becomes or is intoxicated and by reason of such intoxication does any act or neglects any duty imposed by law which results in the death of, or bodily injury to, any person, is guilty of an offense for which he may be punished by imprisonment in the state prison or the county jail, or a fine, or by both fine and imprisonment (sec. 367e, Pen. Code); but manifestly this code section has no bearing upon the question at issue here, because nowhere in the information was it alleged that appellant injured or caused the death of any person as a result of driving while intoxicated, the charge being confined strictly to the language employed in section 112 of said act. The Penal Code contains another section (sec. 367d) which in substance declares that any person operating or driving an automobile who becomes or is ''intoxicated'' while so engaged in operating or driving such automobile shall be guilty of a misdemeanor; but, as above suggested, the wording of the information indicates that the

charge therein was based upon section 112 of the Vehicle Act.

Therefore, directing our attention to the two sections of the Vehicle Act above mentioned, it will be observed that the single act denounced as a crime by section 112 consists of driving an automobile upon a public highway while under the influence of intoxicating liquor. It is not essential, therefore, to the existence of such an offense that the driver be so intoxicated that he cannot drive safely, nor is it any defense to such crime that he may have exercised due care to avoid injuring other travelers. The expression "under the influence of intoxicating liquor" has been held to cover not only all well-known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition caused by the indulgence in any degree in intoxicating liquor which impairs, to an appreciable degree, the ability of the driver to operate his car in the manner that an ordinarily prudent and cautions person, in full possession of his faculties, would operate a similar vehicle, under like conditions (*People* v. *Dingle,* 56 Cal. App. 445 [205 Pac. 705]; Berry on Automobiles, 4th ed., sec. 1750; *Needham* v. *State,* 107 Neb. 389 [186 N. W. 336]; *State* v. *Rodgers,* 91 N. J. L. 212 [102 Atl. 433]; *People* v. *Ekstromer,* 71 Cal. App. 239 [235 Pac. 69]). The determining factor in the trial of a case presented under section 112 of said act relates, therefore, to the mental and physical condition of the driver, that is, his ability to operate his car, and not to the manner in which the car is being actually driven, nor the result of its operation. The commission of the crime is complete when such person engages in the act of driving an automobile upon the public highway while under the influence of intoxicating liquor as that term is defined by the decisions of this state (*People* v. *Dingle, supra*), even though there are no other travelers on the highway at that time (*State* v. *Rodgers, supra*), or, if there are, that he has driven his car in such manner as did not in fact endanger their safety. The section was designed, said this court in *People* v. *Ekstromer, supra,* "to protect the public from the menace of automobiles operated upon the public highway with inadequate or no efficient control in a world of traffic difficult of management under normal conditions. . . . "

On the other hand, evidence of indulgence in intoxicating liquor is wholly unessential to the establishment of the crime of reckless driving, as it is defined by section 121 of said act; that is, a person may be guilty of driving without due caution and circumspection, or in such manner as to endanger the safety of others, even though he has not indulged at all in intoxicating liquors. The two crimes are therefore not only distinct in law but in fact, for each crime pertains to a separate state of facts.

One of the legal tests to be applied in determining whether one crime is necessarily included within another is whether a conviction or an acquittal of one crime operates as a bar to a prosecution for the other (*People* v. *Majors*, 65 Cal. 138 [52 Am. Rep. 295, 3 Pac. 597]). If the pleas of *autrefois convict* or *autrefois acquit* may be successfully interposed as a bar to the second prosecution, then the two offenses are considered part of each other (*People* v. *Ny Sam Chung*, 94 Cal. 304 [28 Am. St. Rep. 129, 29 Pac. 642]; *People* v. *McDaniels*, 137 Cal. 192 [92 Am. St. Rep. 81, 59 L. R. A. 578, 69 Pac. 1006]); but if such pleas are not available, then the offenses are distinct (*People* v. *Kerrick, supra; People* v. *Helbing*, 61 Cal. 620; *People* v. *McDaniels, supra*). As pointed out, each of the crimes under consideration relates to a separate state of facts; consequently it is possible for a person to commit, and therefore to be legally charged with, and, if found guilty, to be punished for, both crimes. That being so, a plea of *autrefois convict* would not lie in bar of a prosecution for the second crime. Moreover, a comparison of the wording of the two sections is sufficient to show that the elements constituting one of these crimes are not embraced within the legal definition of the other. For the reason above assigned it would seem obvious that the crime of reckless driving is in no sense included within the crime of driving while under the influence of intoxicating liquor. Consequently the situation presented is one which did not fall within the purview of section 1159 of the Penal Code, and, accordingly, the verdict finding appellant guilty of reckless driving and the judgment pronounced thereon are void.

In order to prove a case under one of the sections above mentioned it may be necessary, and doubtless is at all times permissible, to introduce evidence which may tend to estab-

lish guilt of the other offense; that is, where a person is charged with driving an automobile while under the influence of intoxicating liquor and it is shown that he has been indulging in such liquor, evidence that he was driving recklessly may in itself constitute proof of his inability to operate his car in the manner that an ordinarily prudent and cautious person, in full possession of his faculties and under like conditions, would operate it; or if he be charged with reckless driving, evidence that he was at the time under the influence of intoxicating liquor may be proof of the fact that the reckless acts were not committed as a result of an emergency with which he was suddenly confronted and for which he would be legally excusable, but were attributed wholly to a lack of self-control caused by intoxicants. But these are considerations relating to evidentiary matters and have nothing to do with the question of the elements constituting the respective offenses under discussion. Whether or not a person charged under section 367e of the Penal Code, with having operated or driven a motor vehicle while intoxicated which has resulted in the death or injury to any person, may be found guilty of the offense declared by section 112 of said act, that is, driving while under the influence of intoxicating liquor, is a question not involved on this appeal and consequently we do not presume to pass upon it.

Respondent contends in support of the judgment that appellant acquiesced in the proceedings which resulted in the rendition of the two verdicts, and that therefore he is not in a position to complain of their effect. We are unable to sustain the point. The assignment of error is based upon an erroneous instruction given to the jury by the court of its own motion to the effect that the crime of reckless driving was necessarily included in the charge set forth in the information and that the jury might find appellant guilty of that crime; and the record shows that prior to the giving of the aforesaid instruction counsel for appellant earnestly contended that such was not the law and that an instruction to that effect should not be given. The error committed in giving the instruction and the prejudicial effect thereof are therefore matters about which appellant may rightfully complain. Moreover, even though it be assumed, as respondent seems to contend, that counsel for a

defendant may stipulate that the jury has the power to bring in a verdict against his client for the commission of an offense with which the latter was not charged, and upon which he had not been tried, we are of the opinion that in the present case, since the court had already erroneously instructed that the jury might find appellant guilty of reckless driving, the action of counsel for appellant thereafter in requesting the court to instruct the jury that nevertheless it must find a verdict based upon the charge set forth in the information, and in proposing the forms of the two verdicts for such purpose, did not amount to a stipulation to that effect nor operate as a waiver of appellant's right to take advantage of the erroneous instruction already given.

The judgment is reversed.