# STATE *v.* HOLM

No. 3081

January 5, 1935.                    37 P. (2d) 821.

*Ernest S. Brown,* for Appellant:

*Gray Mashburn,* Attorney-General; *W. T. Mathews,* Deputy Attorney-General; *Julian Thruston,* Deputy Attorney-General; *Melvin E. Jepson,* District Attorney; and *A. P. Johnson,* Deputy District Attorney for Respondent:

## OPINION

By the Court, SANDERS, C. J.:

Andy Holm, hereinafter called defendant, was, on May 28, 1934, informed against in the court below for an attempted rape alleged in the information to have been committed in manner following:

"That the said defendant on the 8th day of May, A. D. 1934, or thereabout, and before the filing of this information, at and within the County of Washoe, State of Nevada, did, then and there, being then and there a male person over the age of sixteen years, to wit, of the age of about forty-nine years, willfully, unlawfully and feloniously, attempt to carnally know the person of one, Alice Tillman, a female child under the age of eighteen years, to wit, of the age of fifteen years, by inducing the said Alice Tillman to go into his dwelling house at No. 3 Seventeenth Street, City of Sparks, Washoe County, Nevada, and by locking her in said dwelling house and forcibly and violently throwing and struggling with her upon a bed therein and by pursuing her from said dwelling house and forcibly restraining and struggling with her on the ground in the yard of said premises and endeavoring, but failing so to do, at said places, to have sexual intercourse with her, the said Alice Tillman, all with the felonious intent then and there to rape her, the said Alice Tillman."

Upon arraignment, in addition to the plea of "Not Guilty," pleas of former conviction and jeopardy for the offense charged were entered without objection on the part of the state. Upon the trial, and when the state rested its case, the defendant, in support of his special pleas, offered in evidence the record of the proceedings in the justice's court of Sparks Township, Washoe County, Nevada, entitled "The State Vs. Andy Holm," from which it appears that on the 9th day of May, 1934, the defendant was arrested upon a warrant issued out of said court charging him with the crime of assault and battery on the person of Alice Tillman,

and on that day was committed to imprisonment in the county jail of Washoe County for the period of 180 days. In support of his plea of former jeopardy, the defendant offered evidence to show that the charge of assault and battery in the justice's court was predicated upon the same criminal transaction described in the information in the district court. The proffered evidence was rejected, and the case was submitted to the jury upon the plea of not guilty only. The defendant was found guilty of the offense charged in the information, whereupon he was sentenced to state's prison for the period of not less than 5 nor more than 20 years, where he is now confined. The defendant appeals from the judgment and from an order denying a new trial.

The issues raised by the defendant's special pleas were for the jury, subject, of course, to the right of the court to decide upon the competency and relevancy of the evidence offered in support of the pleas. State v. Johnson, 11 Nev. 273. The trial court, in its ruling upon the motion for a new trial, considered that the proffered evidence of former conviction and once in jeopardy for the offense charged was neither competent nor relevant as a defense or bar to the defendant's prosecution for the offense of an attempt to carnally know the prosecutrix, Alice Tillman, as charged in the information. I am in accord with this view of the applicable law. In the first place, the offense of assault and battery was not an offense necessarily included in the information, as the term "an offense necessarily included" is used in section 263 of the criminal practice act, sec. 10911 N. C. L. The offense of assault and battery was an entirely different offense, in that it lacks the essential element of an attempt with intent to carnally know the prosecutrix under the age of 18 years, which constitutes rape. Section 10124 N. C. L. The term "an offense necessarily included," as used in section 10911 N. C. L., has been held to mean a lower degree of the crime charged or a minor offense of the same character, predicated upon the same act, but does not apply to a different act. State v. Gaimos, 53 Mont.

118, 162 P. 596. The essential element of the offense of assault and battery was force and violence upon the person of the prosecutrix without any intent to carnally know her, in violation of the statute upon which the information before us was grounded. Though the attempt to carnally know the prosecutrix was accompanied by force, force was not an essential ingredient of the crime of carnal knowledge of the prosecutrix under the age of 18. State v. Pickett, 11 Nev. 255, 21 Am. Rep. 754.

Counsel directs our attention to section 10911 N. C. L., which provides as follows: "When the defendant is convicted or acquitted, or has been once placed in jeopardy upon an indictment or information, the conviction, acquittal or jeopardy is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information."

The statute seems to contemplate that, for a plea of former conviction or jeopardy to be available as a defense or bar to a subsequent prosecution, it is necessary for the accused to have been proceeded against by indictment or information in a court of competent jurisdiction. If, as argued on behalf of the accused, the assault and battery charged in the justice's court was an offense necessarily included in the information in the district court, the justice's court was clearly without jurisdiction of the offense. I am in accord with the ruling of the trial court that the proffered evidence in support of the defendant's pleas was insufficient as a matter of law to constitute a defense or bar to the prosecution of the defendant for an attempt to commit statutory rape.

The judgment and order denying the motion for new trial should be affirmed.

DUCKER, J., concurring:

I concur in the order of affirmance. The question for determination is whether, under appellant's pleas of

former conviction and once in jeopardy to the information in the district court, he was entitled to prove that he had been adjudged guilty of assault and battery in the justice's court.

It is conceded that the facts of the case in the justice's court are the same facts on which he was convicted in the district court. In the oral argument before us and in their briefs, opposing counsel presented and discussed two classes of cases, one of which, People v. McDaniels, 137 Cal. 192, 69 P. 1006, 59 L. R. A. 578, 92 Am. St. Rep. 81, is typical, holding that jeopardy attaches under similar circumstances; the other of which, Crowley v. State, 94 Ohio St. 88, 113 N. E. 658, L. R. A. 1917A, 661, is representative, holding that it does not.

I think, however, that the particular facts of this case take it out of the doctrine of either class of cases mentioned.

The appellant is charged in the information with the crime of attempted rape alleged to have been committed upon a female of the age of 15 years.

It is clear that the accused was never in jeopardy in the justice's court as to the crime of attempted rape. He was not charged with the felony in that court, and the court would have no jurisdiction if he had been charged with it. Consequently, on his trial on the information, he had not been once in jeopardy for the crime of attempted rape, nor was he then in jeopardy for the offense of assault and battery, unless it is necessarily included in the offense charged. If it is not so included, a verdict of guilty of assault and battery would not have been responsive to the issues raised by the information, and therefore void. Section 11017 N. C. L., reads: "In all cases the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged, or may be found guilty of an attempt to commit the offense charged."

The converse of this statutory rule is true.

As previously stated, the crime charged is attempted

rape of a female of the age of 15 years. The jury found the accused guilty as charged. Upon their verdict, the trial court adjudged him guilty of the crime of attempted rape, and pronounced sentence accordingly.

"Any person of the age of sixteen years or upwards who shall have carnal knowledge of any female child under the age of eighteen years, either with or without her consent, shall be adjudged guilty of the crime of rape. * * * " Section 10124 N. C. L.

This being the law, the appellant could have been convicted of the offense charged, to wit, attempted rape, even though the female, who was under the age of 18 years, consented to everything that was done. In that event there would have been no assault, for, as held in State v. Pickett, 11 Nev. 255, 21 Am. Rep. 754, there can be no assault upon a consenting female.

It is obvious, therefore, that the appellant could not have been in jeopardy upon any state of facts the evidence might disclose, for, if the female did not consent, there is no charge of an assault. Jeopardy cannot attach, in the absence of a valid charge. Ex parte Maxwell, 11 Nev. 428. But it is contended that the charge of assault and battery is included because the information charges an assault with intent to commit rape. I do not so construe it. I concur with the trial court in its opinion that the allegations of fact in the information attending the attempt are simply alleged as overt acts. An overt act is an essential allegation in charging an attempt of this character. State v. Verganadis, 50 Nev. 1, 248 P. 900.

I have therefore joined in affirming the judgment.

COLEMAN, J., dissenting:

I dissent on the theory that the crime of assault and battery is included in the offense charged in the information in this case. I think the case of People v. McDaniels, 137 Cal. 192, 69 P. 1006, 59 L. R. A. 578, 92 Am. St. Rep. 81, and State v. Blevins, 134 Ala. 113,

32 So. 637, 92 Am. St. Rep. 22, and numerous other cases in harmony with them lay down the rule applicable to the instant case.