### HARTMAN et al. v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. April 9, 1909.)

No. 1,809.

1. INDICTMENT AND INFORMATION (§ 132*)—JOINDER OF COUNTS—FEDERAL STATUTE.

The government cannot be required to elect between counts of an indictment which charge misdemeanors of the same class, although under some of the counts the punishment may be imprisonment in the penitentiary; but under Rev. St. § 1024 (U. S. Comp. St. 1901, p. 720), such counts may be joined and tried together.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 425–453; Dec. Dig. § 132.*]

2. CRIMINAL LAW (§ 1144*)—APPEAL AND ERROR—REVIEW—PRESUMPTIONS.

On a writ of error, when there is a general verdict and judgment upon an indictment containing several counts, the presumption is that the judgment was rendered on the good counts, if any, unless something to the contrary appears on the record.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3016–3037; Dec. Dig. § 1144.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CRIMINAL LAW (§ 394*)—EVIDENCE—COMPETENCY—EVIDENCE WRONGFULLY OBTAINED.

It is no objection to the admissibility of evidence in a criminal case that it was obtained by means of a search warrant illegally issued or executed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 875, 876; Dec. Dig. § 394.*]

4. CRIMINAL LAW (§ 1172*)—REVIEW—HARMLESS ERROR—INSTRUCTIONS.

Where two defendants, jointly indicted, were both convicted under proper instructions on five separate counts of violations of Oleomargarine Act Aug. 2, 1886, c. 840, § 6, 24 Stat. 210 (U. S. Comp. St. 1901, p. 2230), by packing oleomargarine colored yellow by them in old stamp-paid packages, which had been emptied, but the stamps from which had not been removed, for the purpose of selling the same to others, and each was sentenced to pay a fine of $1,000 and to be imprisoned for six months, which was less than might have been imposed under any one of such counts, they could not be prejudiced by instructions given on the trial relating solely to other counts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3154; Dec. Dig. § 1172.*]

In Error to the Circuit Court of the United States for the Northern District of Ohio.

Edwin Sutherland, for plaintiffs in error.
W. L. Day and T. H. Garry, for the United States.

Before LURTON and SEVERENS, Circuit Judges, and KNAPPEN, District Judge.

LURTON, Circuit Judge. The plaintiffs in error were jointly indicted and convicted for violation of Act Aug. 2, 1886, c. 840, § 1, 24 Stat. 209 (U. S. Comp. St. 1901, p. 2228), as amended by Act May 9, 1902, c. 784, § 1, 32 Stat. 193 (U. S. Comp. St. Supp. 1907, p. 636), known as the "Oleomargarine Act." The indictment contained 18 counts. Count 1 charges a violation of section 3 of the act by carrying on the business of manufacturers of oleomargarine without having paid the special tax required by law. Counts 2, 3, 4, and 5 charge violations of the act by failing to destroy stamps on emptied oleomargarine packages. Counts 6 to 9, inclusive, charge a violation of the thirteenth section of the act by refilling stamped packages which had contained tax-paid oleomargarine. Counts 10 to 14, inclusive, charge a violation of section 6 of the act. Counts 15, 16, and 17 charge violations of section 5 of the act by failing to keep books, give the required bond, and put up sign. Count 18 charges a violation of section 17 by defrauding or attempting to defraud the United States of the tax on colored oleomargarine produced. The defendant Henry Hartman was found guilty on all the counts. The defendant Frank Hartman was found guilty upon counts 6 to 14, inclusive, and not guilty upon the other counts. Each of the defendants was adjudged to pay a fine of $1,000 and to be imprisoned in the Cleveland workhouse for a period of six months.

A motion that the government be compelled to elect upon which count it would proceed or demand a conviction was overruled. There was no reversible error in this. The offenses joined were merely stat-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

utory misdemeanors of the same class, and the fact that various penalties were attached, by which imprisonment in a penitentiary was possible under some of the counts, did not prevent a joinder of counts under Revised Statutes, § 1024. Morris v. United States (C. C. A.) 161 Fed. 672. Both defendants were found guilty under counts 10 to 14, inclusive. Those counts rest upon section 6 of the oleomargarine act, and charge the offense of packing oleomargarine in old stamp-paid packages which had been emptied and upon which the stamps had not been destroyed. The judgment awarded was one which might have been imposed under the general verdict upon these counts, irrespective of any other. When there are a number of counts in an indictment, and the verdict is a general one, a judgment which might have been awarded under any one of the counts will be applied, upon a writ of error, upon any count good in law upon which there was evidence to go to the jury. The question was given full consideration in a similar case, in which the opinion of this court has just been filed. Hardesty et al. v. United States, 168 Fed. 25. It follows, therefore, that we need consider only those counts upon which both defendants might have been legally convicted, namely, those from 10 to 14, inclusive.

Counts 10 to 14, inclusive, charge violations of section 6 of the law by packing oleomargarine in packages theretofore used for that purpose. Under that section manufacturers are required "to pack in firkins, tubs, or other wooden packages not before used for that purpose," and that such manufacturers and wholesale dealers shall sell "only in original stamped packages." It also provides that retail dealers shall sell "only from original stamped packages, in quantities not exceeding ten pounds, and shall pack the oleomargarine sold by them in suitable wooden or paper packages which shall be marked and branded as the Commissioner of Internal Revenue * * * shall prescribe." It concludes as follows:

"Every person who knowingly sells or offers for sale, or delivers or offers to deliver, any oleomargarine in any other form than in new wooden or paper packages as above described, or who packs in any package any oleomargarine in any manner contrary to law, or who falsely brands any package or affixes a stamp on any package denoting a less amount of tax than that required by law, shall be fined for each offense not more than one thousand dollars, and be imprisoned not more than two years."

Section 3 of the act, as amended by the act of May 9, 1902, enlarges the definition of manufacturers by providing:

"That any person that sells, vends or furnishes oleomargarine for the use and consumption of others, except to his own family table without compensation, who shall add to or mix with such oleomargarine any artificial coloration that causes it to look like butter of any shade of yellow shall also be held to be a manufacturer of oleomargarine within the meaning of said act, and subject to the provisions thereof."

Under this section, as amended, every person is a manufacturer of oleomargarine who colors oleomargarine, except for his own family table, for the use and consumption of others. On this subject the court correctly charged as follows:

"If the defendants, or either of them, have been shown, by proof that satisfies you of it beyond a reasonable doubt, to be engaged, or were engaged on

the 20th of last January, or thereabouts, in this division and district, in coloring oleomargarine so as to make it look like butter, or any shade of yellow, then they were manufacturers, provided they were also persons who were engaged in selling, vending, or furnishing oleomargarine for the use and consumption of others."

The tenth count charges both defendants with having at a date named an empty stamped oleomargarine package in their possession, "and, being there and then manufacturers of oleomargarine, did unlawfully, knowingly, and willfully pack other oleomargarine there and then manufactured by them in the said tub, which had been, as aforesaid, used for that purpose before, * * * contrary to the form of the statute," etc.·

The other counts, 11, 12, 13, and 14, are identical, except in charging other offenses of the same character. The court instructed the jury that they could not find defendant Frank H. Hartman guilty under certain counts of the indictment which applied to and covered the obligations of one engaged in the business of manufacturing oleomargarine, such as the payment of a special tax, cancellation of stamps on empty packages, keeping proper books, filing a bond, putting up and maintaining signs, etc. The court charged the jury that they might find both defendants guilty under counts 10 to 14, inclusive, which charged the violation of section 6 of the act by refilling of packages before used in the packing of oleomargarine with other oleomargarine. The court also instructed the jury that they might find both defendants guilty under counts 6 to 9, inclusive, being counts under the thirteenth section, which applies to any person who neglects to destroy the stamps upon an emptied package, or who "fraudulently gives away or accepts from another, or who sells, buys or uses for packing oleomargarine, any such stamped package," without regard to whether such person is or is not a manufacturer, or wholesale or retail dealer, under the definition of the law. The penalties under the thirteenth section would not justify the sentence imposed in this case. But they might have been properly imposed upon both defendants under the tenth, eleventh, twelfth, thirteenth, and fourteenth counts.

There was evidence tending to show that the plaintiffs in error were engaged in the business of manufacturing oleomargarine by mixing with the white, tax-paid oleomargarine a coloring material which gave the product the yellow shade of butter, for the purpose of selling, vending, or disposing of the same to persons other than those of their own family tables, and that they had packed this colored product so made by them in tubs, baskets, or packages which had contained tax-paid colored oleomargarine and had been emptied, and that they had done this fraudulently, knowing that the stamps upon the said emptied packages had not been destroyed as required by law when the packages were emptied.

By far the most important of the evidence resulted from a search of the premises occupied by the plaintiffs in error and in which they carried on their business. The evidence thus disclosed was objected to as incompetent upon the theory that the search warrant under which it had been procured was irregular and illegal. We need not stop to determine the regularity of the search warrant; for, conceding it to have

168 F.—3

been illegally issued, or illegally executed, the evidence which was thereby discovered was not incompetent under the direct authority of Adams v. New York, 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575; and Hardesty et al. v. United States (decided by this court) 164 Fed. 420.

There was no error in the charge of the court of which plaintiffs in error can complain. The opinion heretofore filed will be withdrawn, and this substituted.

The application to rehear is denied, and the judgment affirmed.