## THE UNITED STATES OF AMERICA *vs.* HIRATA.

### October 4, 1910.

*Criminal law—Indictment—Several counts:* Under the first subdivision of section 1024 of the Revised Statutes, several counts for adultery and fornication may be joined in the same indictment where they relate to the same act and are used for the purpose of meeting the proofs at the trial.

*Same—Repugnancy:* An indictment will not be quashed because of inconsistency between the allegations of several counts in an indictment where they all relate to the same act or transaction and have been varied to meet the proofs as they may develop.

*Criminal Law*: Motion to quash indictment. (Indictment under secs. 316 and 318 of the criminal code.)

*W. T. Rawlins,* Assistant District Attorney, for the United States.

*Lorrin Andrews,* for the Defendant.

ROBERTSON, J. The indictment contains four counts. The first count charges that the defendant, on the 13th day of June, 1910, committed fornication with one Suye Furukawa, and alleges that both parties were unmarried persons. The other three counts charge that the defendant, on the same date, com-

mitted adultery with said Suye Furukawa, the second count alleging that the defendant was then and there a married man and the woman unmarried; the third count alleging that the defendant was an unmarried man and the woman married; and the fourth count alleging that both parties were married persons.

The defendant moves to quash the indictment on the grounds, (1) that counts for adultery and fornication are improperly joined in the same indictment, and (2) that the several counts are repugnant, one with the others.

It is argued in support of the first ground that as, under the criminal code, adultery is a felony and fornication is a misdemeanor counts for each cannot be joined in one indictment, also that as section 315 of the criminal code expressly authorizes the joinder of counts for any or all of the offenses named in sections 313 and 314, it is a necessary inference that offenses under sections 316 and 318 cannot be so joined.

Counsel for the accused invokes the application of the common law rule as laid down in 1 Archbold's Criminal Practice and Pleadings, 308, that, " There is no objection to stating the same offense, in different ways, in as many different counts of the indictment as you think necessary, even although the judgment on the several counts be different, provided all the counts be for felonies, or all for misedmeanors." Several cases in the state courts are also cited in which the common law rule was followed.

The district attorney, in support of the indictment, contends that the point is covered by section 1024 of the Revised Statutes, which he claims to be express authority for the joinder of these counts.

On behalf of the accused it is contended that in the case of *Pointer v. United States,* 151 U. S. 396, the Supreme Court limited the application of that statute to the consolidation of charges for two or more acts or transactions of the same class of crimes.

In that case it was held that two separate charges of murder might properly, under the circumstances there appearing, be

set forth in separate counts in one indictment. It does not appear that the court limited the application of the statute to the matter of the joinder of offenses of the same class. The question involved in the case at bar was not touched on in that case.

In *Ingraham v. United States,* 155 U. S. 434, the court held that the statute authorizes the joinder of counts where two or more acts or transactions are connected together, or are of the same class of crimes or offenses, but made no reference to the first situation provided for in the statute.

Judge Hawley, in *United States v. Jones,* 69 Fed. 973, 980, analyzed the statute as follows:

" There are three separate subdivisions in the statute, under either of which authority is given to unite several counts in the same indictment: (1) When there are several charges against any person for the same act or transaction; (2) when there are several charges against any person for two or more acts or transactions connected together; (3) when there are several charges against any person for two or more acts or transactions of the same class of crimes or offenses."

It was held in that case that an indictment may contain a count under section 5456 of the Revised Statutes referring to the felonious taking away by anyone of anything belonging to the United States, from any place, and a count under section 5460, referring to the felonious taking and embezzlement of the metals at the United States mint by a person to whose charge they were committed. The court said (page 981):

" Whether under a general definition the language of the first count might be classed as larceny, and in the second as embezzlement, is immaterial. It is for the same act or transaction, or acts and transactions connected together."

The case at bar, if it is within the statute, falls under the first classification, to-wit, the joinder of several charges for the same act or transaction.

In *United States v. Howell,* 65 Fed. 402, the indictment was for having counterfeit money in possession, and contained four

counts, the first three of which related to one transaction and the fourth to a different transaction. The inclusion of the first three counts was objected to. The statute was relied on as authority for the joinder. Judge Morrow, overruling the objection, said (page 405):

" While I have been referred to no case which directly involves the question peculiar to the case at bar, and construes this section with reference thereto, still I think that the interpretation to be given to that part of the section material to this controversy is that it is a legislative recognition, in the courts of the United States, of the practice of incorporating several counts in an indictment for the same offense, to meet the evidence as it may transpire; otherwise, how could there be 'several charges against any person for the same act or transaction'."

The learned judge also said (page 407):

" The fear that, in case of a conviction on more than one count, the defendant will suffer additional punishment, as though he had been convicted for several distinct offenses, is not real or substantial. It is no more true of this case than of all the other cases which have been referred to where the same system of pleading was employed. When the time for imposing sentence comes, if it does come, the rights of the defendant will be fully protected. No court would, for a moment, permit one convicted for a single offense, averred differently in two or more counts, to be sentenced on each of the counts as if for separate and distinct offenses."

In *Morris v. United States,* 161 Fed. 672, and in *Hartman v. United States,* 168 Fed. 30, it was held that the fact that various penalties are attached to certain statutory misdemeanors of the same class by which imprisonment in a penitentiary is possible on conviction for some of them does not prevent the joinder of several counts therefor in one indictment under the statute in question.

In none of the cases above cited was the question of the

joinder of a count for a felony with one for a misdemeanor involved.

In *United States v. Spintz,* 18 Fed. 377, it was held that counts in an indictment under sections 3922 and 3924 of the Revised Statutes were properly joined under section 1024 although the former was for a misdemeanor and the latter a felony. The question was not reasoned out, neither are the cases referred to in the decision in point.

No other federal case has been found in which the question was passed on.

Opposed to the cases cited in the defandant's brief are several other state cases in which the joinder of counts for felony with counts for misdemeanor was sustained.

In Joyce on Indictments, sec. 413, it is said that where but one transaction is intended to be charged it is held in many jurisdictions that a count charging a misdemeanor may be joined with a count in the same indictment charging an offense which is ordinarily denominated a felony.

In *People v. Traïnor,* 68 N. Y. Supp. 263, it was held that under a provision of the code providing that where the acts complained of constitute different crimes, such crimes may be charged in separate counts in one indictment, it is no objection to such an indictment that the crimes charged in the different counts are of different grades and call for different punishments.

In *Com. v. McLaughlin,* 12 Cush. 612, the court said:

" It is true, as stated in the authority cited by counsel for the defendant, that generally speaking, offenses differing in their natures, one being a felony, and the other a misdemeanor, ought not to be joined. But the practice in this commonwealth has fully sustained a joinder of such counts where they have been a kindred line of offenses. It is allowed always where several counts are introduced for the purpose of meeting the evidence as it may transpire on the trial, all the counts being substantially for the same offense."

See, also, to the same effect, *State v. Cryer,* 20 Ark. 67;

*Burk v. State,* 2 H. & J. (Md.) 426; *Herman v. People,* 131 Ill. 594; *State v. Lincoln,* 49 N. H. 464.

It is argued that under no circumstances can there be a joinder of counts unless there is a concurrence in the nature of the offense, the mode of trial, and the character of the punishment.

The last point, as to the character of the punishment, is disposed of by the *Morris* and *Hartman* cases, supra.

Even under the rule as laid down by Archbold, the fact that the judgment on the several counts might be different would not prevent the joinder. At common law, reasons existed for not allowing the joinder of counts for felony and misdemeanor which do not exist here.

As to the mode of trial, the principal difference between felonies and misdemeanors, under our practice, consists in the number of peremptory challenges allowed, but if in a case like this the defendant is allowed the number of challenges accorded to persons put upon trial for felony, no disadvantage would ensue by reason of the joinder of the count for the misdemeanor. *Burk v. State,* supra.

Finally, there is a concurrence in the nature of the offenses. The formal language of the indictment in each count is that the defendant had "carnal knowledge of the body of one Suye Furukawa." But however it may be denominated or described, the principal fact, the act of sexual intercourse, is the same whether the offense be adultery or fornication.

*In Dinkey v. Com.,* 17 Pa. St. 126, the court said:

" Illicit carnal connection is called by different names, according to the circumstances which attend it. Unaccompanied with any facts which tend to aggravate it, it is simple fornication. When it causes the birth of an illegitimate child, it is fornication and bastardy. When the man who commits it is married, it is adultery. When the parties by whom it is done are related to one another within certain degrees of consanguinity or affinity, it becomes incest. * * * But the body of all these offenses is the illicit connexion. In each case, the essential fact which constitutes the crime, is fornication."

In *Stevick v. Com.*, 78 Pa. St. 460, a count for fornication was held properly joined with a count for rape. In *Gorman v. Com.*, 124 Pa. St. 536, and *Sutton v. State* (Ga.) 53 S. E. 381, it was held that counts for adultery and fornication could be joined.

The language of the statute is broad. It does not prohibit the joinder of felony and misdemeanor, but leaves it, as the Supreme Court said in the *Pointer* case, to the court "to determine whether, in a given case, a joinder of two or more offenses in one indictment against the same person is consistent with the settled principles of criminal law."

The conclusion is that the first subdivision of section 1024 authorizes the joinder of counts for adultery and fornication where they relate to the same act and are used for the purpose of meeting the proofs at the trial.

It remains to be considered whether the provision of section 315 of the criminal code affects the question. Section 313 relates to polygamy, under which the essential fact is the plural marriage, irrespective of cohabitation. Section 314 relates to the unlawful cohabitation with more than one woman irrespective of marriage.

Congress probably assumed that there might be some doubt as to whether the provisions of section 1024 of the Revised Statutes authorized the joinder of charges under those two sections of the criminal code and so made the express provision for their joinder found in section 315. That would not affect the matter of the joinder of other offenses covered by the other sections of the code under the general provisions of the Revised Statutes.

The second ground of the motion to quash the indictment is the alleged repugnancy between the counts. As to this, it is sufficient to say that where the pleader has varied the allegations to meet the proofs as they may develop, the different counts relating to the same act or transaction, inconsistency between one count and another does not affect the validity of the

indictment. *State v. Mallon,* 75 Mo. 355; *State v. Surles,* 117 N. C. 720; *Dawson v. State* (Tex.) 55 S. W. 49.

The motion is overruled.