[No. 20492. In Bank. — June 5, 1889.]

THE PEOPLE, RESPONDENT, *v.* B. A. STEPHENS, APPELLANT.

CRIMINAL LAW — LIBEL — SEVERAL DEFAMATORY CHARGES IN SAME ARTICLE — ONCE IN JEOPARDY — FORMER ACQUITTAL. — In a prosecution for libel, pleas of once in jeopardy and former acquittal of the offense charged are sustained by proof of a previous prosecution, trial, and acquittal of the defendant upon a charge of libel in the publication of a distinct false and defamatory charge against the same individual, contained in another paragraph of the same published article, and it is error to exclude evidence of such indictment, trial, and former acquittal in support of said pleas.

ID. — SPLITTING UP CRIME. — The state cannot split up one crime and prosecute it in several parts; nor can a defendant be convicted and punished for two distinct crimes growing out of the same identical act. The law does not permit a single individual act to be divided, so as to make out of it two distinct indictable offenses. One newspaper article containing several alleged libels is but one act, and constitutes but one criminal offense.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The principal facts are stated in the opinion of the court. The evidence offered in support of the pleas of once in jeopardy and former acquittal consisted of the record of a previous prosecution, trial, and verdict of acquittal of the defendant in the same court upon a charge of having published in another paragraph of the same

newspaper article which contained the libelous charge, specified in the information in this case, a distinct charge of and concerning Horace Bell, viz., that "he is now suing Louis Messmer in Los Angeles for blackmail money."

*C. C. Stephens,* and *G. Wiley Wells,* for Appellant.

*Attorney-General Johnson,* for Respondent.

SHARPSTEIN, J. — Appellant was tried and convicted of libel, upon an information which alleged that he published of and concerning one Horace Bell that " it was a common report at the time his wife went crazy that it was because that just subsequent to confinement she detected him in *flagrante delictu* with a female negro servant."

In addition to the plea of not guilty, the defendant pleaded once in jeopardy and former acquittal. On the trial the defendant offered to prove by competent evidence that he had been indicted, tried, and acquitted upon a charge of libel based upon the publication of the same article upon which the information in this case is based. To the introduction of such evidence the prosecution objected, on the ground that it was incompetent, immaterial, and irrelevant. The objection was sustained and the defendant excepted.

The question presented by this exception is, whether there may be as many prosecutions for libel maintained upon a single article published in a single issue of a newspaper as there are false and defamatory statements concerning a single individual in such article. So far as we know, this question has not heretofore arisen or been passed upon by any court in a case of libel. "No person shall be twice put in jeopardy for the same offense," is the language of the constitution. The Penal Code provides that "no person can be subjected to a second prosecution for a public offense for which

he has been prosecuted and convicted or acquitted." (Pen. Code, sec. 687.)

The only question in this case is, whether the second prosecution is for the same offense as the first. If so, it cannot be maintained. The first prosecution was for a libel contained in an article published by the defendant in a newspaper. The second prosecution is for a libel contained in the same article and published in the same issue of the same newspaper as the first. The words alleged to be defamatory are not the same in both informations. If they were, the case would be a plain one. But the publication in both cases was one and the same act. "The act which is the essential element in the wrongs, slander and libel, is a wrongful publication of language." (Townshend on Slander and Libel, 121.)

The essential element of the offense was the same act in both cases. In *Regina* v. *Erlington*, 9 Cox C. C. 86, Cockburn, C. J., said: "It is a fundamental rule of law that out of the same facts a series of charges shall not be preferred."

Bishop says: "To give our constitutional provision the force evidently meant, and to render it effective, 'the same offense' must be interpreted as equivalent to the same criminal act." (1 Bishop's Crim. L. 1060.) "The state cannot split up one crime and prosecute it in parts. A prosecution for any part of a single crime bars any further prosecution based upon the whole or a part of the same crime." (*Jackson* v. *State*, 14 Ind. 327.) In *State* v. *Lewis*, 2 Hawks, 98, 11 Am. Dec. 741, the first indictment was for the burglary accomplished by the actual commission of the larceny; and the conviction on it was for the larceny only. The second indictment was for the robbery, and it was held to be barred by the first. In *State* v. *Cooper*, 13 N. J. L. 361, 25 Am. Dec. 490, it was held that a defendant could not be convicted and punished for two distinct felonies growing

out of the same identical act, and when one is a neces-
sary ingredient in the other, and the state has selected
and prosecuted one to conviction.

By the same act, and with the same intent, F. took a
horse, wagon, and harness, the property of H.   Two in-
dictments were found against F., — one for stealing the
horse, the other for stealing the wagon and harness.
On the trial for stealing the horse F. pleaded not guilty,
and was acquitted.   This acquittal was held to be a good
plea in bar against the indictment for stealing the wagon
and harness.   (*Fisher* v. *Commonwealth*, 1 Bush, 211; 89
Am. Dec. 620.)

To an information charging the prisoner with having
in his possession a forged bank note or bill of the Troy
Bank with intention to alter and pass the same and to
defraud the said bank of Troy, he pleaded a former in-
formation filed against him for having in his possession
a bank note of the Mechanics' Bank with the intent to
alter and pass the same, and to defraud said Mechanics'
Bank; upon which last information, the plea averred,
trial had been had, the prisoner had been found guilty
and judgment thereon impended.   To this plea there
was a demurrer, and the court adjudged the plea suffi-
cient.   The court said, among other things, that the act
of possessing the several notes was one and the same
offense, as much as the act of stealing a number of arti-
cles at the same time and place, and the information
might have specified each note which the prisoner had
in his possession, as was done in the several cases cited
in *King* v. *Sutton*, Cas. t. Hardw. 372.   "Had that been
done," said the court, "it would hardly be claimed that
there could be several punishments.   The offense then is
one and the same offense."   (*State* v. *Benham*, 7 Conn.
414.)

The whole matter published might have been set
forth in the information, and if it had been no one would
claim that there might have been several punishments,

or that the acquittal on the trial of that information would not be a bar to a subsequent information for any defamatory matter contained in the article.

The law does not permit a single individual act to be divided, so as to make out of it two distinct indictable offenses. (*Drake* v. *State*, 60 Ala. 43.)

Although when a man has done a criminal act, the prosecutor may carve as large an offense out of the transaction as he can, yet he is not at liberty to cut but once. Here the essential ingredient of the offense was the publication of an article containing several alleged libels. There was but one criminal offense, and that cannot be split up and prosecuted in parts without violating the rule of law, " That a man shall not be twice vexed for one and the same cause."

" There is," said Pierpont, C. J., in the case of *State* v. *Smith*, 43 Vt. 324, " considerable conflict in the authorities upon this subject; but we think the rule is now well settled, that where one offense is a necessary element in and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution for another."

We think the court erred in not admitting the evidence offered to prove a former acquittal of the offense charged in the information in this case.

The other alleged errors are not, in our opinion, entitled to much consideration. The more serious of them are not well founded in fact. Under the circumstances, we do not feel called upon to discuss them *seriatim*.

Judgment and order reversed.

BEATTY, C. J., WORKS, J., THORNTON, J., and PATERSON, J., concurred.

McFARLAND, J., dissenting. — I dissent. I do not think that appellant had any defense under the pleas of " once

in jeopardy" and "former acquittal." If a man in one part of his newspaper says that a certain person is a thief, and in another part that he killed his mother, the two libels are just as distinct as are the crimes of larceny and matricide. Putting the two things under one headline, or "article" makes no difference. If the two libels should appear in the same issue of the newspaper, there would be an identity of *time* of publication; but they would be distinct in every other respect. That identity of time would no more make the two libels one than would a unity of time alone make a joint tenancy at common law.