UNITED STATES v. HOWELL.

(District Court, N. D. California. January 15, 1895.)

No. 3,040.

CRIMINAL LAW—INDICTMENT—SEVERAL COUNTS.
    An indictment for having counterfeit money in possession may charge the offense in several separate counts, each alleging the possession of a different denomination of coin.

This was an indictment against Martin D. Howell for having counterfeit money in his possession. The defendant filed a plea in abatement to the first four counts of the indictment. The district attorney demurred to the plea.

Samuel Knight, U. S. Dist. Atty.
Reddy, Campbell & Metson and E. S. Pillsbury, for defendant.

MORROW, District Judge. The defendant, by his counsel, has filed a plea in abatement to the first four counts of the indictment, on the ground that, in and by these counts, the crime with which the defendant is charged, viz. that of having counterfeit money in his possession, is split up into separate charges, as if they were for distinct offenses. It is claimed that the offenses charged in these counts were all committed by the defendant, if committed at all, at the same time and place, and that they, in fact, constitute but one act and offense. The district attorney has demurred, and also answered in part, to the plea. The answer is made to that part of the plea which states that the defendant is charged, in the fourth count, with having in his possession 80 pieces of false, forged, and counterfeit coin, of the denomination known as and called a "quarter dollar" or "twenty-five cent piece." This accusation, it was claimed by the defendant in his plea, was one of the parts of the single offense split up in the indictment. The answer denies that the charge contained in the fourth count is part and parcel of that set out in the first three counts. A reference to the indictment shows that the offense stated in the fourth count is alleged to have been committed on the 22d of June, 1892, while, in the other three counts objected to, the date of the commission of the offenses therein charged is the 21st of May, 1892. It was conceded at the argument, by counsel for the defendant, that the fourth count of the indictment set out a separate offense, and that it had been inadvertently included in the plea of abatement with the first three counts to which objection is made. A separate offense being alleged, the plea as to that count must be overruled. Rev. St. U. S. § 1024; Pointer v. U. S., 151 U. S. 396, 14 Sup. Ct. 410.

This leaves the first three counts for our consideration. As to these, also, the plea, in my judgment, is not well taken. The practice, in criminal pleading, of inserting in an indictment two or more counts, which relate to but one and the same offense, varying the counts to conform to the evidence as it may be developed at the trial, is now well settled, and, indeed, justified by the most enlightened sense of justice. Were this practice not permitted, prosecutors would often encounter fatal variances arising upon the trial, and it is to avoid this that the cumulative method of pleading referred to has been devised and sanctioned. It is particularly useful when the criminative facts are not fully known to the prosecutor, or when the evidence that will be disclosed at the trial is uncertain, or when the nature of the defense cannot very well be anticipated. "There is no objection to stating the same offense, in different ways, in as many different counts of the indictment as you may think necessary, even

although the judgment on the several counts be different, provided all the counts be for felonies or all for misdemeanors." Archb. Cr. Pl. & Prac. (7th Ed.) 308. "Every cautious pleader will insert as many counts as will be necessary to provide for every possible contingency in the evidence; and this the law permits. Thus, he may, vary the ownership of articles stolen, in larceny; of houses burned, in arson; or the fatal instrument and other incidents, in homicide. Hence a verdict of guilty on four counts, charging the murder to have been committed with a knife, a dagger, a dirk, and a dirk knife, is not double or repugnant, since the same kind of death is charged in all the counts." Whart. Cr. Pl. (9th Ed.) p. 204, § 297. In the case of State v. Gray, 37 Mo. 464, it was said:

"The practice is well settled and firmly established in this state that a motion to compel the prosecution to elect the count on which the trial shall be had is always addressed to the discretion of the court, and this court will not interfere with the exercise of this discretion, unless it is manifest that it has been abused to the obvious and palpable detriment of the accused. It is often indispensably necessary to include several counts in the same indictment, to meet the proofs which may be given on the trial; and to arbitrarily compel an election in all instances would tend to cripple prosecutions and defeat the ends of justice,"—citing State v. Jackson, 17 Mo. 544; State v. Leonard, 22 Mo. 449.

In State v. Mallon, 75 Mo. 355, this language was used:

"Nor did the court err in refusing to compel the state to elect upon which count she would proceed. It is usual to frame several counts where only a single offense is intended to be charged, for the purpose of meeting the evidence as it may transpire at the trial, and in such cases the court will not compel the prosecutor to elect,"—citing State v. Porter, 26 Mo. 206; State v. Pitts, 58 Mo. 556.

In the case of U. S. v. Dickinson, 2 McLean, 328, Fed. Cas. No. 14,958, the court said:

"This subject must depend, in a great degree, on the exercise of a sound discretion by the court. They will see that offenses shall not be so joined, in the same indictment, as to deprive the defendant of any right which the law gives him. Experience shows the propriety, and, indeed, necessity, of charging the offense in different ways, so as to meet the proof; and, within the knowledge of the court, no injustice has been done, under this practice, to defendant; and we think that, in a case like the present, great injustice would be done to the public by compelling the prosecuting attorney to make an election."

And in Kane v. People, 8 Wend. 211, it was there stated:

"In point of law, it is no objection that two or more offenses of the same nature, and upon which the same or a similar judgment may be given, are contained in different counts of the same indictment. It therefore forms no ground of a motion in arrest of judgment; neither can it be objected by way of demurrer or on a writ of error. Rex v. Young, 2 Peake, 228, note. It is every day's practice to charge a felony in different ways in several counts, for the purpose of meeting the evidence as it may come out upon the trial. Each of the counts on the face of the indictment purports to be for a distinct and separate offense, and the jury very frequently find a general verdict on all the counts, although only one offense is proved; but no one ever supposed that formed a ground for arresting the judgment. If the different counts are inserted in good faith, for the purpose of meeting a single charge, the court will not even compel the prosecutor to elect; and in the case of mere misdemeanors, which are only punishable by fine or imprisonment, the

prosecutor is permitted to join and try several distinct offenses in the same indictment."

In the case of People v. Thompson, 28 Cal. 215, the following language was used, Chief Justice Sanderson delivering the opinion of the court:

"Under our practice, an indictment must not charge more than one offense, but it may set forth that offense in different forms, under different counts. Cr. Prac. Act, § 241. * * * The object of allowing different counts is to provide against fatal variances between the material parts of the indictment and the proofs brought forward in their support. Where a material fact is doubtful,—that is to say, where it is uncertain as to which of two or more conditions is the true one, and either is equally effectual in completing the offense,—it is proper to frame a count embracing each, in order that there may be at the trial no fatal variance between the matters alleged and the matters proved."

See, further, on this subject, Abb. Tr. Briefs, p. 183, § 325; Chit. Cr. Law, 248 et seq.; Reg. v. Trueman, 8 Car. & P. 727; Reg. v. Bleasdale, 2 Car. & K. 765; Ex parte Hibbs, 26 Fed. 426; People v. Gates, 13 Wend. 311; Gonzales v. State, 12 Tex. App. 657; State v. Bell, 27 Md. 675; Engleman v. State, 2 Ind. 91; State v. Jackson, 17 Mo. 544; People v. Liscomb, 60 N. Y. 599. It would seem that the practice of uniting several counts in one indictment is of comparatively modern origin. O'Connell v. Queen, 11 Clark & F. 275, per Lord Denman; People v. Liscomb, supra. Each count is, in effect, deemed to contain a separate offense. Young v. King, 3 Term. R. 106; U. S. v. Davenport, Deady, 264, Fed. Cas. No. 14,920. If one count is good, it will sustain the verdict. People v. McKinney, 10 Mich. 54; Com. v. Hawkins, 3 Gray, 460.

Section 1024 of the Revised Statutes has been referred to as authority for including several counts in an indictment for the same offense. That section reads as follows:

"When there are several charges against any person for the same act or transaction, or for two or more acts or transactions connected together, or for two or more acts or transactions of the same class of crimes or offenses, which may be properly joined, instead of having several indictments, the whole may be joined in one indictment in separate counts; and if two or more indictments are found in such cases, the court may order them to be consolidated."

While I have been referred to no case which directly involves the question peculiar to the case at bar, and construes this section with reference thereto, still I think that the interpretation to be given to that part of the section material to this controversy is that it is a legislative recognition, in the courts of the United States, of the practice of incorporating several counts in an indictment for the same offense, to meet the evidence as it may transpire; otherwise, how could there be "several charges against any person for the same act or transaction." The case of Pointer v. U. S., 151 U. S. 396, 14 Sup. Ct. 410, indicates a general rule applicable to this case. The supreme court had occasion to consider in that case section 1024, but it seems to have done so in connection with the question as to the joinder of two or more distinct offenses in the same indictment, which the provision expressly authorizes. The point decided was that the trial court had

not abused the discretion with which it is clothed in denying the application of the defendant to compel the prosecutor, at the beginning of the trial, and before the disclosure of the facts, of electing on which of two separate charges of murder he would proceed. It is to be observed, however, that the indictment there charged the defendant with the murder of two individuals in four counts, two for each accusation, one count differing only from the other in that the words, "beat, bruise," were used instead of "cut, penetrate." This, obviously, was done to meet the evidence as it should be developed at the trial. No question was raised as to the propriety of this method of pleading, and, if the discretion of the court was deemed sufficient to protect the substantial rights of the accused with reference to an election between two or more offenses charged in the same indictment, certainly that discretion exists in a case like the present, where but one and the same offense is set out, though averred differently in three counts, and where the only question can be whether the defendant is or will be prejudiced in any of his substantial rights at the trial by the system of pleading adopted. Now, while it is conceded by counsel for defendant that an indictment may contain several counts, each differently stating the same offense, it is contended that that practice does not extend to, and permit of, the splitting up an offense into several parts, with as many counts. But I can see no good reason, if the practice is to obtain at all, why it does not legitimately comprehend the method of averment employed in this case. In my opinion, the distinction sought to be drawn by counsel for defendant between stating an offense differently and "splitting" it up, so to speak, is, so far as this case is concerned, without foundation in law, and purely technical. The idea that the offense with which the defendant is charged is thereby cut up into three parts, making as many distinct infractions of the law, is only technically, but not literally, true. If a criminal pleader is permitted, by the now well-settled practice, to employ two or more counts in charging a single offense, varying them as he is advised so as to meet the proofs as they may transpire at the trial, I can see no valid reason why he may not adopt the course pursued here, viz. of dividing the offense into three separate charges, varying each according to the denomination of the counterfeit coin alleged to have been in the possession of the defendant. If the ownership of articles stolen may be varied, in cases of larceny (State v. Nelson, 29 Me. 329); or the fatal instrument, in homicide (Hunter v. State, 40 N. J. Law, 495); or as many charges of arson laid as there were houses consumed, although the fire was the result of but a single act (Reg. v. Trueman, 8 Car. & P. 727),—I do not see why the pleader cannot include as many counts for the unlawful possession of counterfeit money as there are different denominations of coin, or, to carry the practice still further, for every piece of money unlawfully possessed. While this practice, if carried too far, would become cumbersome and confusing, and might prejudice the defendant, still, so far as these counts are concerned, the court cannot now say, at this stage of the case, that the practice has been abused, or that the defendant is or will

be prejudiced. The court is not in a position to determine now that these different counts were not inserted in good faith, for the purpose of meeting a single charge, to prevent a fatal variance which may, under certain contingencies, arise. Kane v. People, supra. But the real test of the whole question, I take it, is whether the defendant is prejudiced in any substantial way. In passing upon this feature of the case, "the court is invested with such discretion as enables it do justice between the government and the accused." Pointer v. U. S., supra. The defendant cannot be embarrassed or confounded in his defense, because if the three counts are, as it is claimed, all for the same offense, his defense on one count must necessarily cover the others. Dividing the unlawful act into as many charges as there are denominations of coin can make no difference in proving, or, on the part of the defendant, in meeting the proof of, the single possession of the various coins. Under any aspect of the question, it is difficult to appreciate upon what theory the defendant can complain, if none of his rights upon the trial are impaired, or likely to be. If a verdict of guilty on all three counts meant absolutely that the defendant was to be deemed convicted upon three separate and distinct offenses, entailing as many punishments, then the objection to this method of pleading a single offense would have great force, and, in all probability, be conclusive of the question presented here for decision, even before trial. But the method of pleading employed in the indictment, as to the possession of the alleged counterfeit coins, can lead to no such result. It is in this respect, I apprehend, that the counsel for defendant misconceive the legal effect of this cumulative system of pleading. The fear that, in case of a conviction on more than one count, the defendant will suffer additional punishment, as though he had been convicted for several distinct offenses, is not real or substantial. It is no more true of this case than of all the other cases which have been referred to where the same system of pleading was employed. When the time for imposing sentence comes, if it does come, the rights of the defendant will be fully protected. No court would, for a moment, permit one convicted for a single offense, averred differently in two or more counts, to be sentenced on each of the counts as if for separate and distinct offenses.

The cases cited by counsel for defendant, to the point that an offense or crime cannot be split up into several parts, are not applicable to the question presented here. In the two cases cited from the California Reports (People v. Stephens, 79 Cal. 428, 21 Pac. 856, and People v. Defoor, 100 Cal. 150, 34 Pac. 642) the question of splitting up an offense was raised as a plea in bar to further prosecution; it being claimed that, having been once placed in jeopardy for one part of the offense, a second prosecution for another part could not be had. The court, in both cases, held that this could not be done. This is quite another question from the one presented for consideration in the case at bar. There is an English case which is more directly in point than any other case I have consulted. It is Reg. v. Trueman, supra. The indictment there contained five counts, each charging the firing of the house of a different owner. It ap-

peared from the opening b the prosecutor that the houses, constituted a row of adjoining houses, and that the fire was communicated to four of them from the house first set on fire. The burning of each house being charged as a distinct felony, the prisoner asked the prosecution to be put to its election. Erskine, J., said:

"As it is all one transaction, we must hear the evidence, and I do not see how, in the present stage of the proceedings, I can call on the prosecutor to elect. I shall take care that, as the case proceeds, the prisoner is not tried for more than one felony. The application for a prosecutor to elect is an application to the discretion of the judge, founded on the supposition that the case extends to more than one charge, and may therefore be likely to embarrass the prisoner in his defense."

That case is very strong authority for the case at bar. There the burning of the five houses was caused by one act, but the court permitted the trial to go on, and denied a motion to elect, though the offense was split up into five separate charges. To repeat, the method pursued by the district attorney in this case, in varying the three counts for the one offense charged, is, in my judgment, in conformity with the practice, in criminal pleading, of using several counts for the same act, and, so far as the court is at present advised, is in no way prejudicial to the defendant. The demurrer to the plea in abatement will therefore be sustained, and the plea denied.