[Crim. No. 3633.   Second Dist., Div. One.   Nov. 23, 1942.]

THE PEOPLE, Respondent, v. SAMUEL OLIVAS MEN-DOZA, Appellant.

Ben Van Tress for Appellant.

Earl Warren, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

WHITE, J.—In an amended indictment returned by the Grand Jury of Los Angeles County, defendant was accused in·count one of the crime of attempted rape, while in a second count he was charged with the offense of kidnaping. When arraigned for plea, the defendant entered pleas of not guilty to each count in the amended indictment and also pleaded that he had theretofore been convicted of the offenses charged against him and that he had been once in jeopardy for said offenses.

Trial was had before the court sitting without a jury, resulting in the conviction of defendant of the offense of attempted rape as charged in count one and his acquittal of the crime charged in count two. From the judgment of conviction and the order denying his motion for a new trial, defendant prosecutes this appeal. But one question is here involved, and that concerns the plea of double jeopardy in connection with the offense of attempted rape charged in count one.

Epitomizing the factual background surrounding this prosecution, the record discloses that about five o'clock on the morning of January 18, 1942, in the city of Los Angeles, the prosecutrix was walking down First Street on her way to work, intending to board a street car at First and Spring Streets. She had arrived at the corner of First and Olive Streets, which is three blocks west of Spring Street, when she first observed the defendant. The latter walked up to and in front of her and commenced to talk to her, saying, "I will give you twenty dollars. I am crazy. I haven't had a woman in so long, I have to have one. I will give you twenty dollars." The defendant continued to repeat, over and over again, "I will give you twenty dollars if you will come with me to my room." Thereupon the defendant grabbed the prosecutrix and tried to take hold of her, but she got away from him and walked very fast, telling him to go away and mind his own business. Suddenly the defendant again took hold of the prosecutrix around her waist and commenced pulling at her coat, repeating in substance his aforementioned language. At this time the prosecutrix, still attempting to get away from the defendant, was walking down the incline from Olive Street toward Hill Street. Again she broke away from the defendant and continued to walk on at a very fast gait. Looking back, she observed that the defendant was but a few feet away and following her. When she was about half way between Olive and Hill Streets defendant struck her in the mouth, grabbed her by the foot, and she fell to the sidewalk, and commenced to scream. She was then dragged by the defendant to an adjoining parking lot between several parked cars. After defendant had dragged the prosecutrix to the point last mentioned, he said again, "I have got to have a woman. I am going to have you. I will pay you. Do I have to kill you?" The defendant placed his arm around the neck of the prosecutrix and started to choke her. From

the evidence, it appears that the prosecutrix had fallen and was lying partly on the defendant. The prosecutrix continued to struggle with the defendant, and finally was able again to scream. Police officers, hearing the cries of the prosecutrix, rushed to the scene of the assault, but as they approached the defendant ran away. He was overtaken about a block away.

The prosecutrix suffered several lacerations upon her body, and she testified that two or three times the defendant attempted to raise her coat and tried twice to put his hands under her dress, but because of her struggles he was unable to raise her garment more than a few inches. The defendant testified that he came to the city from an adjoining county the evening before the alleged assault; that he drank considerable intoxicating liquor throughout the night. He admitted seeing the prosecutrix, and explained his approach to her by saying that he mistook her for a prostitute and for that reason sought to have sexual intercourse with her. The defendant testified that he did not remember putting his arms around the neck of the prosecutrix or dragging her into the parking lot, but did remember that she started to scream and that they both stumbled and fell to the ground. He admitted attempting to put his arms around the waist of the prosecutrix, but claimed that his impaired recollection of what occurred was due to the fact that he was under the influence of liquor.

In support of his pleas of prior conviction and once in jeopardy, defendant introduced into evidence certain records of the Municipal Court of the City of Los Angeles. These records showed that following the assault upon her by the defendant, the prosecutrix, prior to the return of the amended indictment herein, signed and swore to a complaint in the aforesaid municipal court wherein she charged the defendant with the crime of battery, in that he allegedly did willfully and unlawfully use force and violence upon her person, in violation of the provisions of section 242 of the Penal Code. The municipal court record further discloses that on January 20, 1942, the defendant entered a plea of guilty to the charge of battery, and that on January 22 he was sentenced to serve ninety days in the county jail, half of which sentence was suspended and the defendant placed on probation for the term of one year under certain specified terms and conditions. At the trial in the superior court upon the

amended indictment it was stipulated between the district attorney and the defendant's counsel that the charge of attempted rape as set forth in count one of the amended indictment arose out of the same transaction and was predicated upon the same state of facts which gave rise to and formed the gravamen of the particular charge lodged against defendant in the municipal court proceeding.

As heretofore indicated, the sole contention of appellant on this appeal is that his joint pleas of former conviction and once in jeopardy should have been sustained by the trial court. This contention is predicated upon the claim that the crime of battery (Pen. Code, § 242), is an offense necessarily included in the offense of attempted rape. Section 1023 of the Penal Code, upon which appellant relies, provides that when a defendant is convicted or acquitted, or has been once placed in jeopardy, upon an indictment or information, the conviction, acquittal or jeopardy is a bar to another indictment or information for the offense charged in the former or for an attempt to commit the same, or "for an offense necessarily included therein" of which he might have been convicted under that indictment or information. It follows, therefore, that the question to be determined in this proceeding is whether the crime of battery is an offense necessarily included in the charge of attempted rape.

The particular provisions of section 242 of the Penal Code to a violation of which appellant pleaded guilty in the municipal court are as follows: "A battery is any *willful and unlawful use of force or violence* upon the person of another." (Italics ours.)

■ Battery includes and implies an assault, and there can be no battery without an assault. (*People* v. *McDaniels*, 137 Cal. 192, 194 [69 P. 1006, 92 Am.St.Rep. 81, 59 L.R.A. 578].)

■ While it is true, as urged by respondent, that there is a distinction between the crime of attempt to commit rape with which the defendant was charged and the offense of an assault with intent to commit rape, for which section 220 of the Penal Code makes provision, and that the first mentioned crime does not necessarily include an "assault" (*People* v. *Akens*, 25 Cal.App. 373, 375 [143 P. 795]), nevertheless, an analysis of the allegations contained in count one of the amended indictment herein clearly and unequivocally shows that the assault which formed the basis of the battery charge in the municipal court was the gravamen of the

charge of attempted rape and was specifically pleaded in the amended indictment as well as relied upon at the trial to prove the offense there charged against appellant. The charging part of the amended indictment reads that the defendant did, "with force and violence attempt to have and accomplish an act of sexual intercourse," while at the trial the entire evidence offered to prove the attempted rape was the assault made upon the prosecutrix by appellant. Manifestly, the "force and violence" charged, or in other words, the assault upon the prosecutrix by defendant, was a necessary and integral requirement to prove the corpus delicti of the offense framed by the pleading and established by the evidence in the subsequent felony trial. The facts in the instant case reveal that the prosecutrix suffered no more bodily harm when count one of the amended indictment was filed in the superior court than she did at the time when she initiated the battery proceeding in the municipal court. There were no new, after-occurring facts from the date of the battery. In other words, at the time the felony charge was lodged, there was no residue of the offense charged in the battery complaint. The application of force and violence was the same in the first as in the later prosecution. No event occurred after the prosecution for the lesser offense making complete a greater offense. The greater offense was complete at the time of the prosecution for the lesser offense.

Bearing in mind what we have just said, the cases of *People* v. *Lee Kong,* 95 Cal. 666 [30 P. 800, 29 Am.St.Rep. 165, 17 L.R.A. 626], *People* v. *Coltrin,* 5 Cal.2d 649 [55 P.2d 1161], and others cited by respondent, are clearly distinguishable from the case at bar. The last-mentioned cases give expression to the legal principle that a prosecution for an abortion is not a bar to a subsequent prosecution for murder based upon the same facts. The reasoning contained in these cases is not at variance with the conclusion we have reached in the instant case, for in the cited cases there was a residue of new, after-occurring facts from the date of the abortion, namely, the death of the victim; whereas in the instant case there is no such residue. The same line of reasoning might be applied to a case wherein an assault is committed by one person upon another, subsequent to which the person making the assault is charged with and punished for the offense of battery or assault, and within a year after the infliction of

the injury the victim dies as a result thereof. Because of the intervening or after-occurring facts, viz., the death of the victim, a manslaughter charge could legally and lawfully be preferred. This for the reason that battery provides for a misdemeanor punishment for a violation of section 242 of the Penal Code. It makes no attempt to punish for the consequences, if any, which may flow from the act of battery, such as the death of a victim. But if no consequences flow from the act of battery, then the battery itself has been fully punished under a prosecution for a violation of section 242 of the Penal Code, and no residue is left to punish under any other applicable section attempted later to be applied. If, for instance, the greater crime is first charged, and in order to prove the same it is necessary and essential to completely prove the corpus delicti of a lesser crime, such lesser crime is necessarily included in the greater, and is what is termed a necessarily included offense. In the instant case, at the time of filing the complaint and prosecuting the lesser offense, to wit, battery, the facts therein made out a complete corpus delicti for the crime of attempted rape. In other words, to establish the corpus delicti of the battery prosecution, it was necessary and essential to prove facts which in their entirety, as a matter of law, not only established the corpus delicti of the misdemeanor charge, but of the greater crime, attempted rape, as well. If instead of first charging appellant with a battery, he had been accused of attempted rape, it would have been necessary, under the facts of this case, in order to establish the corpus delicti of such attempted rape, to prove the corpus delicti of the lesser crime, to wit, battery. The battery, therefore, is a necessarily included offense in the charge of attempted rape in the instant case, and a conviction of battery therefore bars a subsequent prosecution for the offense of attempted rape.

Under the facts of the case at bar, we think the case of *People* v. *McDaniels, supra,* is conclusive. It is therein stated: ''It is well settled that a conviction of a lesser offense embraced in a higher one, for the commission of which a defendant was tried, is an acquittal of the higher offense, and an independent trial and conviction of the lower offense, when pleaded, must, upon the same principle, be a bar to the prosecution for the higher offense which included it. *People* v.

*Defoor,* 100 Cal. 150 [34 P. 642], . . . is in point, and, we think, conclusive. It is not necessary here to cite or quote from the numerous cases there cited."

In the case at bar, the acts committed by the defendant upon the prosecutrix may have constituted a simple assault, or assault and battery, or an attempt to commit rape, and the last named offense may be committed either with or without a battery; but the evidence on the part of the prosecution given upon the trial showed an aggravated battery which may or may not have been committed in an attempt to commit rape. When the defendant was before the municipal court, the prosecution was for the same acts on his part as charged in the amended indictment, but the complaint and judgment in the lower court omitted the alleged attempt charged in the amended indictment.

No rule is more firmly established in our law than that which holds that a series of charges may not be preferred out of the same facts. In connection with this rule, it is said in Bishop's New Criminal Law, volume I, section 1057: "When he has been put in jeopardy for the lowest, then, for example, is prosecuted for the highest, our constitutional guaranty stands in the way of his being convicted a second time for the lowest, for a jeopardy of the highest is equally a jeopardy of the lowest. And since the government confessedly cannot begin with the highest, and then go down step by step, bringing the man into jeopardy for every dereliction included therein, neither can it begin with the lowest and ascend to the highest with precisely the same result."

Particularly relevant to the case with which we are here concerned is the statement of our Supreme Court in *People* v. *McDaniels, supra,* at page 198:

"All criminal prosecutions are by the state, which is a single entity. It may choose its forum, and determine for what particular offense it will prosecute the citizen for a violation of the criminal law. It cannot complain if it has made an unwise selection, but having made its selection and inflicted the penalty it has imposed for such violation, the Constitution interposes for the protection of the accused and declares that he shall not be twice put in jeopardy for the same offense, and this provision being for the benefit and protection of the accused is to be liberally construed. 'This

rule of interpretation is in many of the cases not thought of by the courts, and other obvious principles are overlooked, so that our books contain numerous decisions wherein this constitutional right has been denied to the prisoner.' (Bishop's New Criminal Law, § 1070.)''

Respondent, however, contends that it is possible to commit the offense of rape or attempted rape without committing a battery, and in support thereof calls our attention to the fact that among the six different conditions under which the crime of rape may be perpetrated are some in the perpetration of which a battery or assault is not necessary; for example, when a female is under the age of 18, or submits under the belief that the person committing the act is her husband, or where she is at the time unconscious of the nature of the act, and this is known to the accused, etc. It must be conceded that under the provisions of section 261 of the Penal Code there are circumstances under which one may be guilty of rape and consequently attempted rape without the commission of a battery; but in the present charge the prosecution by its own pleading in the amended indictment made the battery and assault an integral and necessary part of the charge of attempted rape preferred against defendant.

Article I, section 13, of our State Constitution provides that no person shall be twice put in jeopardy for the same offense, while section 687 of the Penal Code specifically provides that ''no person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and convicted or acquitted.'' As was said in the syllabus in *People* v. *Stephens,* 79 Cal. 428 [21 P. 856, 4 L.R.A. 845], ''The state cannot split up one crime and prosecute it in several parts; nor can a defendant be convicted and punished for two distinct crimes growing out of the same identical act.'' And in the case at bar, only one prosecution could be maintained for the same assault, whatever the purpose of the defendant may have been. As was said in *People* v. *Trenkle,* 169 Misc. 687 [9 N.Y.S.2d 661, 66], ''While the names of the crimes are different, yet the people cannot say, we convicted you of one crime on a certain state of facts, we wish now to convict you of another crime without any additional facts and call that crime by a different name.'' The case just cited is very much in point with the case now before us. In a well-reasoned opinion the court held that the conviction or acquittal of the accused of a misdemeanor, where

no showing of specific intent was required, becomes res judicata as to a charge based on the same facts but which requires a specific intent.

We are not unmindful of the profligate and more or less dissolute character of appellant, who admitted two prior convictions of a felony and a course of personal conduct not consistent with good morals. But we are not now concerned with the guilt or innocence of appellant, further than to say that under the law as it exists, the trial court erred in finding against him on his special plea of once in jeopardy. Whether guilty or innocent of the offense with which he was charged in the amended indictment, the appellant was entitled to have his case fairly tried according to the established rules of law. As was said by a learned judge, ''Though unfair means may happen to result in doing justice to the prisoner in the particular case, yet justice so attained is unjust and dangerous to the whole community.'' (*Hurd* v. *State,* 25 Mich. 405.) The doctrine that respect for the law cannot be inspired by withholding the protection of the law from those accused of crime is one which recognizes no exceptions. To be watchful for the constitutional and individual rights of the citizen against any encroachment thereon is one of the primary duties and obligations of the courts, and it is by unrelenting watchfulness and zeal in this regard that the conviction of the innocent will be averted.

The judgment and the order denying defendant's motion for a new trial are, and each is, reversed.

Doran, J., concurred.

York, P. J., dissented.

Respondent's petition for a hearing by the Supreme Court was denied December 22, 1942. Gibson, C. J., Shenk, J., and Curtis, J., voted for a hearing.