THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL WIRTSCHAFTER, Appellant.— Appeal by defendant from a judgment of the County Court of Queens County convicting him of the crimes of grand larceny in the first degree, burglary in the third degree and grand larceny in the second degree, as second offenses. Judgment modified on the law by setting aside the verdict of guilty of the commission of the crime of grand larceny in the second degree and by dismissing the fourth count contained in the indictment. As so modified, the judgment is unanimously affirmed. The sentence, as imposed, is approved and affirmed as punishment for the commission of the crimes of grand larceny in the first degree and burglary in the third degree as second offenses. Defendant was charged in the first two counts of the indictment with the crime of grand larceny in the first degree committed during the period between September 8, 1942, and April 3, 1943. It was the theory of the prosecution, sustained by the overwhelming proof, that defendant had committed but a single larceny during this period, in that various takings were animated by the same larcenous intent and design. As defendant observes in his brief, the instructions of the court were such as might be given where the indictment charged but a single theft. Although the defendant was properly found guilty of the crime of burglary, which he committed in the latter part of January of 1943, his theft on that occasion must necessarily have been an incident of the grand larceny charged in the first two counts of the indictment and could not have been a separate larceny as charged in the fourth count of the indictment. The proof, charge and verdict show that defendant was tried and convicted of a single grand larceny and that, in the first degree. The charge of grand larceny in the second degree and the conviction thereof, therefore, cannot stand. Present — Close, P. J., Hagarty, Carswell, Johnston and Lewis, JJ.

ANGELE C. REESE, Respondent, v. M. WINSTON REESE, Appellant.— In an action for separation, in which the appellant interposed a defense that he had obtained a Florida decree of divorce, judgment in favor of the plaintiff unanimously affirmed, with costs. The weight of the evidence supports the finding of Special Term that the appellant, when he brought his action for divorce in Florida, was not domiciled there. The decree, based upon constructive service only, was, therefore, not entitled to recognition. (Bell v. Bell, 181 U. S. 175; Matter of Lindgren, 293 N. Y. 18; Matter of Bingham, 265 App. Div. 463, motion for leave to appeal denied, 290 N. Y. 929.) Present — Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ. [See 179 Misc. 665.]