[Crim. No. 10124.   Second Dist., Div. Four.   Apr. 14, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. SEDRIC HOOPER, Defendant and Appellant.

Eugene G. Garcia and Bertram H. Ross, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Jack K. Weber, Deputy Attorney General, for Plaintiff and Respondent.

KINGSLEY, J.—By an amended information, defendant was charged, in three counts—in count I with burglary, in violation of section 459 of the Penal Code, in count II with child stealing in violation of section 278 of the Penal Code, and in count III with child molestation, in violation of section 288 of the Penal Code. Four prior felony convictions were also charged. Defendant admitted the priors and pled not guilty to the offenses charged. After a trial by jury, he was found guilty on all three counts (the jury fixing the degree of burglary as being in the first degree) ; proceedings under the mentally disordered sex offender act were begun but were later abandoned;[1] a motion for new trial was made and denied; probation was denied; defendant was sentenced to state prison on each count, the sentences to run concurrently. He has appealed.

At defendant's request, we appointed counsel for him on appeal; thereafter, some dissatisfaction being expressed by defendant, we relieved that counsel and appointed new counsel for him. We have considered all matters raised in both briefs. On our own motion, we augmented the record to include the instructions given and refused and the arguments of counsel.

I

█ It is not questioned that, some time in the early morning hours of February 2, 1964, someone took an eight-year-old girl from her mother's home and thereafter sexually molested her; the only question at the trial was whether or not defendant was the guilty person. Although the little girl was somewhat confused in her identification of defendant, other testimony was sufficient to identify him as the abductor. The evidence clearly supports the verdict.

II

█ The case was tried prior to the decision in *Escobedo* v.

---

[1] The trial court considered the reports of the doctors appointed to examine defendant. Those reports expressed the opinion that he was a mentally disordered sex offender, but expressed doubts that he would benefit by commitmnt to a state hospital. Based on those reports, the court concluded: ''I don't think he is a person to be committed to a State Hospital.'' Although not couched in the terms of section 5511.7 of the Welfare and Institutions Code, this statement was tantamount to a finding that defendant ''would not benefit by care and treatment in a state hospital''; the imposition of a sentence was, therefore, authorized. (*People* v. *Willey* (1954) 128 Cal.App.2d 148 [275 P.2d 522].)

*Illinois* (1964) 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758] (and, therefore, of course, prior to the decision in *People* v. *Dorado* (1965) 62 Cal.2d 338 [12 Cal.Rptr. 169, 198 P.2d 361], and in *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]). Under these circumstances, the rules laid down in *Dorado* are here applicable but not those laid down in *Miranda*. (*People* v. *Rollins* (1967) 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221].)

█ The prosecution introduced the testimony of two police officers as to conversations with the defendant after his arrest. There is nothing in the record to suggest that any of the warnings required by *Dorado* were ever given. However, the statements made by defendant were exculpatory and were no more than statements of the alibi to which he and his witnesses testified at the trial. The testimony was brief, no point was made in argument that the statements, in any way, were evidence of guilt. Under the circumstances, we conclude that the use of these statements was "harmless beyond a reasonable doubt" (*Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824]), and, therefore, that the error was not prejudicial.

### III

█ The chief problem is that resulting from the pronouncement of concurrent sentences on all three counts. To the extent that offenses are all part of a single criminal transaction, section 654 of the Penal Code, although it allows multiple convictions, bars multiple sentences. (*In re Wright* (1967) 65 Cal.2d 650 [56 Cal.Rptr. 110, 422 P.2d 998].) [5, 6] The amended information charged that the entry involved in the burglary count was made with the intent to commit "a violation of Section 278 and of Section 288 of the Penal Code." The instructions to the jury, and the argument of the deputy district attorney, both told the jury that, in order to convict under that count, they must find that the entry was with intent to commit one or both of those offenses. The information and the verdict, therefore, necessarily make the burglary and an intent to act with reference to the child parts of a single transaction. Under the evidence, an intent to molest, in violation of section 288 is obvious. Since the statutory sentence for a violation of section 288 (one year to life) is less than that for burglary in the first degree (five years to life under Pen. Code, § 461, subd. 1), it follows that the sentence on count III was improper and must be stricken.

█ It is true that the record does not clearly indicate

whether defendant, when he entered the apartment, intended to molest the child there, with the abduction an afterthought to avoid discovery and apprehension, or whether he originally intended to abduct the child as a preliminary to a molestation at some other place. The evidence suggests that the latter intent was more probable. Witness Hughes. returning to the apartment, saw an automobile (identified as defendant's) standing in the driveway, with its motor running. and discovered defendant inside the apartment; the witness left the apartment for a brief interval; when he returned the child, the defendant. and the automobile were gone. But we need not determine whether or not the intent to abduct was a part of the original plan. Clearly, the abduction, whenever conceived, was, as was the entry. an act done in order to effect the original basic intent of child molestation. As such, it was part of the total criminal transaction and cannot be punished separately. (*People* v. *Helms* (1966) 242 Cal.App.2d 476, 487 [51 Cal.Rptr. 484].) ■ Since the punishment under section 278 (not to exceed 20 years) is less than that for burglary, the burglary sentence is the effective one.

The judgment of conviction is affirmed as to all three counts; the sentence on count I is affirmed; the sentences on counts II and III are vacated.

Files, P. J., and Jefferson J. concurred.