**Howard W. DENNEY, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

April 30, 1971.

John C. S. Frank, Asst. Public Defender, Wilmington, for appellant.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

## WOLCOTT, Chief Justice.

This is an appeal from convictions of assault with intent to commit robbery and assault with intent to commit murder. The appellant was sentenced to a term of 20 years on each charge, to run concurrently.

■ Two points are raised in this appeal—first, that it was error to deny the motion to suppress identification evidence because defense counsel was not present at the time photographs were shown to the victim for identification; and, second, that it was error to deny the motion to require the State to make an election to proceed to trial on either the charge of assault with intent to rob or the charge of assault with intent to murder only.

The facts briefly are that on December 16, 1969, in the late afternoon, two young men entered the victim's store and asked for a can of turpentine. The victim got a can of turpentine and one of the men handed him a five dollar bill. He went to the cash register to ring up the sale and was followed by the two men. As he was ringing up the sale, the victim was shot. He turned and was shot a second time and fell to the floor. The two men thereupon tried to rifle the cash register but could not get it open.

That night in the hospital the victim identified the appellant from photographs shown him by the police as the one who shot him. He was unable to identify the second man. Later, at trial, the victim again identified the appellant as his assailant.

As to the first question, its answer is found in our decision in Reed and Hawkins v. State, Nos. 93 and 99, 1969, filed April 15, 1971, in which we held that it was not necessary to have defense counsel present when an identification is made from photographs.

■ With respect to the second point, it is argued that where an offense is essentially a single one, the State cannot divide it into two or more offenses and punish for each separately. People v. Mendoza, 55 Cal.App.2d 625, 131 P.2d 622 (1942); People v. Wirtschafter, 268 App.Div. 993, 51 N.Y.S.2d 522 (1944). Appellant argues that in the case at bar there was only a single act of force—that is, the shooting of the victim—and that the rule applies.

We point out, however, in the case at bar that there were in fact two separate acts of violence; that is, the firing of two bullets, both of which struck the victim. However, this may not be of much signif-

icance here. It is significant that it is entirely reasonable to assume that the appellant, at the time he committed these two violent acts, did so with two separate specific intents—first, to commit a robbery and, second, in view of the fact that he actually shot the victim, to commit murder as well.

While there is a split of authority among the various jurisdictions as to whether or not multiple charges such as are before us, supported by basically the same circumstances and arising out of one transaction, may be sustained, the better considered view, we think, is that there is no prohibition under circumstances such as are before us.

In Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597 (1959), a defendant was convicted of purchasing heroin and, also, of receiving and concealing the same. At his trial, the United States proved only that he had unstamped narcotics in his possession, and relied on statutory presumptions to provide further bases for the conviction on both charges. The court upheld both convictions even though the only evidence actually offered was the mere possession of the unstamped narcotics.

In Young v. United States, 109 U.S. App.D.C. 414, 288 F.2d 398 (1961), cert. denied 372 U.S. 919, 83 S.Ct. 734, 9 L.Ed. 2d 725, the convictions of a defendant of assault with intent to commit robbery and of assault with a dangerous weapon were upheld. It was contended on behalf of the defendant that both charges involved the same assault and thus the same offense. The Circuit Court disagreed on the ground that the charge in the second count involved an element not present in the first count; that is, the use of a deadly weapon. This being so, it was held that the two offenses were separate and distinct. The conviction on both charges was upheld.

See, also, People v. Stingley, 414 Ill. 398, 111 N.E.2d 548 (1953), cert. denied 345 U. S. 959, 73 S.Ct. 945, 97 L.Ed. 1379.

For the foregoing reasons, the judgment below is affirmed.