[Crim. No. 27676. Second Dist., Div. Two. Dec. 2, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
GARY CHARLES FULLER, Defendant and Appellant.

418

COUNSEL

H. Clay Jacke for Defendant and Appellant.

Burt Pines, City Attorney, Peter M. Sloan and Mark L. Brown, Deputy City Attorneys, for Plaintiff and Respondent.

OPINION

COMPTON, J.—Defendant in a confrontation with one Phillip Gray fired a shotgun at the latter causing serious injury. The confrontation was the upshot of certain alleged grievances which defendant had with Gray's cousin Willida Warren.

Under the authority of Penal Code section 17, subdivision (b)(4), defendant was tried in the municipal court and convicted of (1) assault with a deadly weapon (Pen. Code, § 245) a misdemeanor, (2) battery (Pen. Code, § 242) a misdemeanor, and (3) exhibiting a shotgun in a threatening manner (Pen. Code, § 417) a misdemeanor.[1] On the counts of assault with a deadly weapon and battery defendant was sentenced to 365 days in the county jail with one day suspended. On the charge of violating Penal Code section 417, defendant was sentenced to 365 days in the county jail with one day suspended. On the charge of violating Penal Code section 417, defendant was sentenced to 5 days in the county jail. All sentences were ordered to be served concurrently.

Defendant appealed to the Superior Court of Los Angeles County. The appellate department found the evidence to be sufficient to support the conviction on each of the charges and rejected defendant's claim of error in the admission of certain challenged testimony by Willida Warren. With these holdings we agree. The testimony of Willida Warren was properly received. (*People* v. *Arguello,* 65 Cal.2d 768 [56 Cal.Rptr. 274, 423 P.2d 202]; Evid. Code, § 352; also see Law Revision Commission comment to Evid. Code, § 1252.)

That court in its opinion, however, addressed an issue which admittedly was not raised by the defendant, i.e., the "legal effect of convictions of

---

[1]Defendant was also convicted of violating Los Angeles Municipal Code section 55.00, which prohibits discharging a firearm in the City of Los Angeles without a permit. That count was dismissed by the trial judge "in the interest of justice."

assault with a deadly weapon and battery based on the same act." The appellate department concluded that "when an assault is successful it blends with, and is not a separate crime from, battery." Observing that the maximum punishment for battery committed upon a person other than a peace officer is six months, the appellate department reversed the conviction of assault with a deadly weapon, ordered that charge dismissed and remanded the matter to the trial court for resentencing on the remaining two counts. On motion of the city attorney the matter was certified to this court pursuant to rule 63(a),(b),(c) of the California Rules of Court. We accepted certification.

This case presents the dual and interrelated issues of multiple convictions and multiple punishment.[2] ■ We first dispose of the issue of multiple punishment. Clearly the defendant's acts of displaying the weapon, firing it and injuring the victim were all in legal effect one act for which there can be but one punishment. (Pen. Code, § 654; *Neal v. State of California,* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839]; *In re Chapman,* 43 Cal.2d 385 [273 P.2d 817].)

Since defendant was sentenced, albeit concurrently, on three separate convictions, two of those sentences must be vacated. (See *People v. Quinn,* 61 Cal.2d 551 [39 Cal.Rptr. 393, 393 P.2d 705].) The usual procedure in such situations is to leave standing the sentence for the most serious offense of which defendant was convicted. (*People v. Hooper,* 250 Cal.App.2d 118 [58 Cal.Rptr. 100]; *People v. Kreiling,* 259 Cal.App.2d 699 [66 Cal.Rptr. 582]; *Neal v. State of California, supra.*)

■ The appellate department correctly applied the foregoing principles but, because of its opinion that since defendant was convicted of a completed battery the conviction of assault with a deadly weapon could not stand, left battery as the most serious offense for which defendant could be sentenced. With this conclusion we disagree. The practical result of such a holding would be to place a premium on success for a person who attempts to inflict serious injury. Said another way, an individual who shot at another and missed would be punished more severely than one who shot and hit.

---

[2]The presence of these issues in an inordinate number of cases is attributable, in great measure, to the failure of prosecutors to tailor their pleadings to the facts and to the practice of over-pleading. In this case it should have been obvious from the beginning that if defendant were guilty of anything it was the crime of assault with a deadly weapon and that imposition of consecutive sentences for the additional charges was out of the question. Too much precious time and effort is being expended by courts at all levels resolving problems arising in the application of Penal Code section 654. This time could be saved by judicious and thoughtful pleading on the part of prosecuting officials.

In the case at bar the most serious offense which defendant committed was that of assault with a deadly weapon unless it was legally rendered "uncommitted" by somehow being merged in the battery conviction. Thus the sentence for the assault with a deadly weapon is the one which should stand and the sentences for battery and violating Penal Code section 417 are the ones which should be vacated.

■ Of course, "simple assault" is included in the offense of battery. (*People* v. *Mendoza*, 55 Cal.App.2d 625 [131 P.2d 622].) A conviction of the latter would subsume the assault. By definition one cannot commit battery without also committing a "simple" assault which is nothing more than an attempted battery. (*People* v. *Greer*, 30 Cal.2d 589 [184 P.2d 512].)

■ Our penal statutes prohibiting crimes against the person carry a common theme of correlating increased punishment with the culpability of the offender in terms of his mental state and the means used rather than the gravity of the result.[3] This is consistent with the deterrent theory underlying all penal statutes. Thus "simple" battery is always punishable as a misdemeanor with a maximum of six months in jail no matter how serious the injury. A similar punishment is prescribed for "simple" assault.

The California Legislature, however, in keeping with the theme of increased punishment for increased culpability and consistent with the concept of deterrence, instead of creating a crime of "aggravated battery" has, as in most jurisdictions, created the crime of "aggravated assault" by providing that one who attempts to commit a more serious injury by the use of a deadly weapon or means of force likely to produce great bodily injury shall be punished as a felon for from six months to life or as a misdemeanant with a sentence of up to one year in the county jail, (Pen. Code, § 245) regardless of whether injury is actually inflicted. (See Perkins on Criminal Law (2d ed.) pp. 127-130.) It could not have

---

[3]For example, in homicide the result is always the death of an individual. The punishment for an unlawful homicide depends upon the mental state of the slayer. (Pen. Code, §§ 187, 188, 189, 192.)

Robbery involves the taking of personal property *in any amount* by means of force or fear. (Pen. Code, § 211.) Punishment varies according to whether the defendant was *armed or intentionally* inflicted injury. (Pen. Code, § 213.)

Various types of assaults are elevated to the status of felonies when done with a specific intent to commit other felonies. (Pen. Code, §§ 217, 220, 221.)

Mayhem which is an aggravated form of battery is a felony because it involves the *malicious* infliction of a specific type of disabling injury.

been the legislative intent in imposing such severe punishment as a possible life sentence for assault with a deadly weapon that if injury was in fact inflicted the crime would be reduced to simple battery.

██ Battery is not an included offense in the crime of assault with a deadly weapon (*People* v. *Mueller,* 147 Cal.App.2d 233 [305 P.2d 178]) and patently assault with a deadly weapon is neither a lesser nor included offense in battery. The test of whether an offense is included in another is whether the one offense can be committed without necessarily committing the other. (*People* v. *Asher,* 273 Cal.App.2d 876 [78 Cal.Rptr. 885]; *People* v. *Harris,* 191 Cal.App.2d 754 [12 Cal.Rptr. 916].) A person ·can commit battery without using a deadly weapon or means likely to produce great bodily harm. While an aggravated assault in violation of Penal Code section 245 and battery both include the elements of a simple assault, a violation of Penal Code section 245 is a greater offense than and separate and distinct from either simple assault or battery.

It follows that when an individual commits an assault in violation of Penal Code section 245 and is successful in inflicting injury upon his victim he may be convicted of both the aggravated assault and the battery even though the application of Penal Code section 654 may bar multiple punishment. Also germane to the case at bar is the fact that Penal Code section 417 is not included in a violation of Penal Code section 245. *(People* v. *Mueller, supra.)* Defendant then stands properly convicted of the three charges against him. (See *People* v. *Tideman,* 57 Cal.2d 574, at p. 583 [21 Cal.Rptr. 207, 370 P.2d 1007].)

The judgment, however, must be modified to provide that the sentence on Count II (violation of Pen. Code, § 417) and the sentence on Count III (violation of Pen. Code, § 242) are vacated and permanently stayed.

As modified, the judgment is affirmed.

Beach, J., concurred.

**FLEMING, Acting P. J.**—I concur.

The most serious crime here is the one specified in Penal Code section 245, assault with a deadly weapon or with force likely to produce great bodily injury. As I view it, this crime is committed at the time the assault is launched. Thus, when the bullet is sent on its way or the hatchet is thrown the crime is complete. Technically, the subsequent course of the

bullet or the hatchet neither adds to nor detracts from the already completed crime under section 245. Thus, whether the bullet strikes or misses its target and the nature of any subsequent battery are both immaterial.

Since assault with a deadly weapon is a more serious crime than battery, judgment and sentence were properly imposed under section 245.