Filed 2/26/13  P. v. Ackerman CA3

<u>**NOT TO BE PUBLISHED**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C071160 |
| Plaintiff and Respondent, | (Super. Ct. No. 11F05717) |
| v. | |
| JOSHUA CHARLES ACKERMAN, | |
| Defendant and Appellant. | |

A jury found defendant Joshua Charles Ackerman guilty of felony vandalism and the misdemeanor of firing a BB gun in a grossly negligent manner.  (Pen. Code, §§ 594, subd. (a) [count one], 246.3, subd. (b) [count two].)  The trial court granted formal probation on the felony count and imposed a one-year jail term for the misdemeanor.

On appeal, defendant argues the trial court abused its discretion in denying his motion for disclosure of juror identification information (or alternately for a mistrial for juror misconduct).  He also contends he cannot be punished both for firing the BB gun and for the act of vandalism that resulted.  We shall affirm the verdicts, but must remand for resentencing and stay execution of sentence on count two.

1

Although both parties provide a thorough summary of the evidence at trial, the arguments on appeal implicate only a sliver of the facts underlying the convictions, and we do not need to assess prejudice. We thus note only that two passengers riding on a commuter bus heard a loud bang. The window next to one of them shattered. The other saw the driver of a blue "Super Shuttle" van next to the bus with a pistol in his right hand pointed out the window. As the driver slowed down for traffic in front of him, he pulled the pistol back into the van. At trial, the second bus passenger identified defendant as the driver of the van. Based on Super Shuttle's satellite tracking data, the only van in the vicinity of the bus at that time was one that defendant normally drove. We will include any other pertinent facts in the Discussion.

## DISCUSSION

### I. Motion to Disclose Juror Identification Information

A defendant may obtain access to personal juror identifying information on a showing based on declarations that prima facie establishes good cause in support of a motion for new trial or other reason, if the trial court does not find a compelling interest against disclosure. We review the trial court's ruling for an abuse of discretion. (*People v. Carrasco* (2008) 163 Cal.App.4th 978, 989, 991 (*Carrasco*); Code Civ. Proc., § 237, subd. (b).)

Defendant's fiancée provided a declaration in support of his motion. She stated that after a lunch break in the midst of closing arguments, she was seated about 10 feet from a male juror (whom she described with some particularity, and whom defense counsel identified as Juror No. 8) who was talking to one or two "middle-aged" female jurors (not otherwise identified). The fiancée heard a snippet of the male juror's conversation lasting about 30 to 60 seconds. "What I heard was something said about Super Shuttle, and there being some sort of irony." The jurors noticed the fiancée

2

looking at them and stopped talking. The fiancée informed defense counsel about her observations after the jury returned its verdicts.

Defense counsel argued it was thus necessary to obtain the juror identification information in order to investigate the exact nature of the discussion. Counsel also contended that based on the fiancée's declaration, defendant was entitled to a mistrial because the jurors "were discussing specific facts of the case prior to deliberations."

The trial court found this showing insufficient either to warrant disclosure or grant a mistrial. There was simply speculation about misconduct without any facts providing a foundation for a finding of actual misconduct. The court consequently did not consider any interest against disclosure.

The fiancée heard only a reference that the involvement in this case of the Super Shuttle company in some manner struck Juror No. 8 as "ironic" (assuming the juror was using the word in its proper sense). It is only speculation that this involved deliberation on any issue relating to defendant's guilt (e.g., his identity as the driver of the van) that was outside of the presence of the other jurors, as opposed to a simple commentary on the involvement of Super Shuttle in the circumstances of this case in the abstract. We certainly cannot say that it was *unreasonable* for the trial court to conclude this was only threadbare evidence of potential misconduct that was insufficient to outweigh the jurors' privacy interests. (*Carrasco, supra,* 163 Cal.App.4th at p. 990.) We thus do not discern any abuse of discretion, and reject defendant's argument to the contrary.

## II. Impermissible Multiple Punishment

"[Penal Code] [s]ection 654 [(section 654)] precludes multiple punishment where an act . . . violates more than one criminal statute but a defendant has *only* a single intent and objective." (*People v. McCoy* (2012) 208 Cal.App.4th 1333, 1338.) If it finds multiple punishment would run afoul of section 654, a trial court must impose but stay

3

execution of sentence on all offenses except the one with the longest punishment.  (*Ibid*.)
We review the trial court's *implicit* factual resolutions in imposing multiple punishment
for substantial evidence—the issue did not arise explicitly at sentencing,[1] but this does
not forfeit it on appeal.  (§ 654.)

Defendant contends there was a single act underlying both convictions—the firing
intentionally of the BB gun, which resulted in the act of vandalism.  The People suggest
only that shattering the bus window was a mere happenstance that was not necessarily
defendant's intended object in firing the gun, vaguely adverting as well to "multiple or
simultaneous objectives, independent of and not merely incidental to each other" without
specifying *what* these independent objectives might be.

The vandalism offense requires a malicious act—an intentional act accompanied
with a desire to injure or a reckless disregard of the risk of damage (cf. *People v.
Campbell* (1994) 23 Cal.App.4th 1488, 1493 [finding on that basis that vandalism is a
crime of moral turpitude]), which results in damage.  The weapons conviction requires
only the intent to fire the BB gun (without intending any further consequence), under
circumstances demonstrating at least an indifference to the high degree of risk of injury
or death, if not conscious disregard of the risk.  (*People v. Overman* (2005)
126 Cal.App.4th 1344, 1361 [elements of offense]; *People v. Brunette* (2011)
194 Cal.App.4th 268, 285 [gross negligence and recklessness defined].)  The People have
failed to posit a plausible manner in which the trial court could have inferred from the
evidence that defendant intended to fire a single shot from the BB gun *with* an intent to
damage the bus (or a reckless disregard of that risk) for purposes of vandalism but did not

---

[1]  The probation report did not recommend any jail time as a condition of the grant of
probation for the felony vandalism conviction "to preserve time should the defendant re-
offend in the future," and in light of the jail term for the misdemeanor conviction.  The
report did not address section 654 in any manner.

have the same intent (without concern for the risk of injury or death to other persons) for purposes of the weapons offense.

Neither party cites a case involving similar circumstances. Our research reveals *People v. Fuller* (1975) 53 Cal.App.3d 417, in which the defendant displayed a rifle, took aim at the victim, and fired a shot into the victim; *Fuller* held that the defendant could properly be subject to three convictions for brandishing the weapon, assault with a rifle, and battery, but could be subject to punishment only for the greatest charge (assault). (*Id*. at pp. 419-420.) We think this sufficiently analogous to the present case; it would parse hairs too finely to attempt to infer distinct intentions in the one delinquent act of intentionally firing the gun between the firing of the BB gun and the vandalism that resulted.

The sentencing on the two convictions was interrelated, so we cannot simply correct it on appeal. We shall remand with directions to impose but stay execution of sentence on the lesser misdemeanor offense, and allow the trial court to determine if it wishes to designate the jail term as a condition of probation.

### DISPOSITION

Defendant's convictions are affirmed. The matter is remanded for resentencing with directions to impose but stay execution of sentence for the misdemeanor conviction (count two).

                                                   BUTZ          , Acting P. J.

We concur:

         MAURO         , J.

         HOCH         , J.

5