GERTRUDE HARTMAN, Appellant, v. MORITZ HARTMAN, Respondent.— In this action for separation, a judgment was rendered after trial, dismissing the complaint, but awarding to plaintiff custody of the child of the parties and directing defendant to pay $15 a week for the child's support. Plaintiff appeals from the judgment, excepting so much thereof as awards her custody and directs defendant to pay for the support of the child. Judgment, insofar as appealed from, modified on the law and the facts, by striking therefrom the first ordering paragraph and by substituting in place thereof a provision granting plaintiff a separation. As so modified, the judgment is unanimously affirmed, with costs to appellant. Further, the matter is remitted to the Special Term for further proceedings not inconsistent with the views stated herein. Findings of fact inconsistent herewith are reversed and new findings will be made. The parties married on June 21, 1931, and, after their honeymoon, lived together in the home of plaintiff's mother until the fall of the same year, when defendant left. Their son was born on May 13th of the following year. Although defendant claims that plaintiff refused to move out with him, it is undisputed that he never offered to establish a home for themselves and that he did not join her in the separate home which she established and furnished in December of 1931, before the child was born. The decree of the State of Nevada which defendant procured in 1940, purporting to divorce the parties, was based on constructive service of process, and the plaintiff in the present action did not appear in the Nevada action. In our opinion, plaintiff is entitled to a finding that defendant did not establish a bona fide domicile in Nevada and, therefore, that the Nevada court did not have jurisdiction to grant a divorce to him. A hearing should be held with respect to the issue of alimony, and, after determination of that issue, the judgment should be amended to include an appropriate provision with respect thereto. Present — Nolan, P. J., Carswell, Adel, Wenzel and MacCrate, JJ. Settle order on two days' notice.

HEMPSTEAD SHOE CO., INC., Appellant, v. JACK'S BOOTERY, INC., et al., Respondents.— In an action based on unfair competition in the use of a trade name in the same line of business, appellant contends that the name, "Mack's Bootery, Inc." is a simulation or imitation of the name "Jack's Shoes," and that respondents have in other ways held themselves out as connected or associated with appellant's business. Order denying appellant's motion to punish respondents for contempt of the judgment affirmed, with $10 costs and disbursements. No opinion. Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ., concur.