Mario Pittoni, J.
This is an action by the plaintiff wife for a judgment declaring void a Nevada decree of divorce obtained by the defendant husband against her. Prior to leaving her in May, 1958, the husband sought unsuccessfully to induce her to consent to a divorce. Then he tried, again without success, to get his wife to sign papers for an Alabama divorce. Later, on November 17, 1958, the husband obtained a Nevada divorce decree based on constructive service of process. The wife did not answer or appear in this action.
*60 When the husband left his wife sometime in May, 1958 he told her that he could be reached either at his office in Amsterdam, N. Y., or at Vail Mills, N. Y. All of his mail was forwarded to these two addresses. Only one piece was sent back, and this with the notation that it was refused. Although his electronics plant and other business was in Amsterdam, N. Y., he claimed at the trial that he had moved to Sparks, Nevada, because it was a focal point to conduct his affairs which took him throughout the country. However, he also said that the Nevada divorce laws influenced his decision to move to Nevada.
Soon after arriving in Nevada, he started the divorce action therein; and the day following his court appearance he left Nevada, never to return except for a month for business purposes. True, he has kept a room in Sparks, Nevada, since the Nevada decree, and for the last three months prior to the present trial he has kept some of his property therein. However, he is presently staying in Amsterdam, N. Y., although he claims that he intends to return to Sparks, Nevada, for permanent residence.
A consideration of the facts and his demeanor on the witness stand leads the court to one conclusion. The husband had no intention of making Nevada his residence, domicile or any similar objective. His sole intention while staying in Nevada was to obtain a Nevada decree of divorce.
In the meantime, the wife has been and has continued to be a resident of New York. The Nevada court never had jurisdiction of her, did not have jurisdiction to grant the decree of divorce, and the Nevada decree is therefore void. This court is therefore not required to give the Nevada decree any faith and credit. (Reese v. Reese, 268 App. Div. 993 [2d Dept.]; Hartman v. Hartman, 282 App. Div. 731 [2d Dept.]; Edelman v. Edelman, 3 A D 2d 859 [2d Dept.]; Aspromonte v. Aspromonte, 4 A D 2d 689 [2d Dept.].) The Nevada decree obtained by the husband is void.
This is the decision of the court pursuant to section 440 of the Civil Practice Act.
Submit judgment.